UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| In re LIPITOR ANTITRUST LITIGATION | MDL No. 2332<br>No. 12-2389 (PGS/DEA)<br><br>MEMORANDUM AND ORDER |
|---|---|

This matter is before the Court by defendants' motion to stay discovery until motions to dismiss the complaint are resolved (ECF No. 128) (hereinafter "Pfizer"); and motion for Joinder to Stay Discovery by CVS Caremark Corporation (ECF No. 129). The motions are denied for the following reasons:

    1.    The initial case was commenced about a year ago, and despite same no discovery has been accomplished.

    2.    Plaintiffs only seek limited discovery during this period. For example, the end-payor class seeks document production during this period. The limited discovery focuses on documents and written materials that have been produced previously in patent litigation or other litigation, or documents submitted to the Patent and Trademark Office and the Food and Drug Administration. Similarly, Mr. Alioto who represents Plaintiffs in the *Chimes* case also seeks document production; but he supplements the prior request by seeking copies of CVS Caremark, California Physician Services and other agreements between Pfizer and co-defendants Ranbaxy Pharmaceuticals. These discovery requests appear to be reasonable and are not over-reaching (Magistrate Judge Arpert will oversee all document production issues that may arise). See *Haas v. Burlington*, 2009 U.S. Dist. Lexis 110173 at p. 4 (2009).

    3.    Defendants assert that permitting any discovery may violate the *Twombly* holding. To the Court, limited discovery like document production is a manageable step-by-step approach to

discovery which sufficiently guards against the expenses of over burdensome discovery.  See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

   4. Here, defendants do not show any clear case of hardship with the limited discovery requests, and there is no particular need for protection to defendants at this point on the discovery requested.  See *Worldcom Techs. Inc. v. Intelnet Int'l Inc*, 2002 U.S. Dist. Lexis 15892.  The scope of discovery and any disputes regarding same are subject to determination by Magistrate Judge Arpert.  As such, discovery will be well managed.

   For the reasons set forth above;

   IT IS on this 17th day of October, 2012

   ORDERED that the motions to stay discovery until the motions to dismiss are resolved (ECF No. 128 and 129) are denied.

          *s/Peter G. Sheridan*
          PETER G. SHERIDAN, U.S.D.J.