UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

In re LIPITOR ANTITRUST LITIGATION

MDL No. 2332
No. 12-2389 (PGS/DEA)

MEMORANDUM AND ORDER

This matter is before the Court on a motion to remand the action to the California State Court in Sonoma County, California (ECF No. 111) and on a Cross-Motion by defendants to amend the notice of removal (ECF No. 143). The procedural history is set forth below.

On November 7, 2011, the matter of *Chimes Pharmacy, Inc. v. Pfizer* was filed in Federal Court (later renamed *RP Healthcare* v. Pfizer).

On December 23, 2011, Plaintiff filed an amended complaint to add and delete certain defendants.

On December 6, 2011, other cases were filed throughout the country, and the Judicial Panel on Multidistrict Litigation (MDL) was requested to centralize the matters.

On January 20, 2012, Plaintiffs apparently disliked the MDL procedure, withdrew the federal suit, and reinstituted the matter in California state court.

On March 3, 2012, the California state court action was removed to federal court by Pfizer and other defendants. The reasons for the removal were that the case involved "an abuse of the Hatch-Waxman Act", "fraudulent procurement and enforcement of a patent in violation of the Sherman Act" and "commercial bribery" in violation of the Robinson Patman Act.

On March 16, 2012, plaintiff filed a motion to remand on the basis that only California causes of action (California antitrust statutes) applied. As such, patent law or the other reasons were not a critical element.

On August 3, 2012, the Judicial Panel on Multidistrict Litigation denied the motion to vacate the Central Transfer Order and forwarded the case here "for inclusion in the coordinated and consolidated pre-trial proceedings."

Discussion

At the first hearing with counsel in July, 2012, plaintiff's attorney (Mr. Alioto) argued for remand alleging that *RP Healthcare* is a case in which patent law is not at issue, and that only California antitrust claims are at issue. However, despite this contention, there may be many patent issues raised as defenses in this case which would engender federal jurisdiction. Mr. Alioto's argument that patent issues will not arise in the California state court case is speculative when Pfizer will be arguing otherwise.

Moreover, even if a remand were appropriate, the Court has discretion to coordinate discovery with a state court. See, Ten Steps to Better Case Management, The Judicial Panel on Multidistrict Litigation and the Federal Judicial Center, p. 7 (2009).

The Court agrees with the Judicial Panel on Multidistrict Litigation that the centralized case will further serve the convenience of the parties and the efficient conduct of the litigation. The Judicial Panel on Multidistrict Litigation wrote:

> In opposing transfer, the *RP Healthcare* plaintiffs argue, inter alia, that they have brought only claims under California law, and that theirs is an individual action, whereas the centralized actions are putative class actions. We find these arguments unpersuasive. California law claims are already in the MDL.
> * * *
> we find that *RP Healthcare* involves common questions of fact with actions previously transferred to MDL No. 2332, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Defendants have filed a cross-motion to amend the notice of removal in support of their response to the motion to remand. Such applications should be liberally granted in this early stage in the proceedings, and, as such, the Court grants this motion.

Plaintiff further argues in its motion that Pfizer did not acquire the consent of the other Defendants when it filed the removal, and therefore, the removal petition is void. However, the amended notice of removal clarifies that Pfizer had such consent. The motion to remand is denied.

.

## ORDER

For the reasons set forth above,

IT IS on this 19th day of October, 2012

ORDERED that a motion to remand the action to the California State Court in Sonoma County, California (ECF No. 111) is denied; and it is further

ORDERED that the Cross-Motion by defendants to amend the notice of removal (ECF No. 143) is granted.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.