UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: LIPTOR ANTITRUST      :         Civil Action No. 12-2389 (PGS)
LITIGATION                   :         MDL No. 2332
                             :
                             :         MEMORANDUM & ORDER
_____  :

      This matter comes before the Court on a Motion by RP Healthcare Plaintiffs ("RP Healthcare") for Reconsideration of the Court's February 8, 2013 Protective Order [dkt. no. 329]. Defendants have opposed the Motion [dkt. no. 349]. This matter also comes before the Court on a second Motion by RP Healthcare for Reconsideration of the Court's February 26, 2013 Discovery Confidentiality Order [dkt. no. 357]. Defendants also opposed this Motion [dkt. no. 362]. The arguments in both Motions are virtually identical and, therefore, will be addressed jointly. The Court has carefully considered the Parties' submissions pursuant to FED R. CIV. P. 78 and, for the reasons set forth below, RP Healthcare's Motions are **DENIED**.

**I.**

      On January 11, 2013, this matter came before the Court during a telephone status conference during which counsel advised the Court of a disagreement concerning the entry of a Protective Order in this multi-district litigation ("MDL"). Subsequently, the parties submitted their respective positions in writing to the Court. Only RP Healthcare objected. After careful consideration, the Court found, over RP Healthcare's objection, that good cause existed for entry of a protective order and directed that discovery with respect to all claims would be subject to the terms of the Protective Order to which the remaining Parties had consented. The Protective Order was entered on February 8, 2013 [dkt no. 323].

Subsequently, on February 14, 2013, the Court entered a Discovery Confidentiality Order ("DCO") [dkt. no. 346]. RP Healthcare objects to the DCO for substantially the same reasons as it objects to the Protective Order. Specifically, RP Healthcare wishes to be able to conduct discovery "free of the constraints" of either the Protective Order or the DCO. RP Healthcare Br., dkt. no. 357, at 1.

In their Motions for Reconsideration, RP Healthcare offers the same arguments made in their previously submitted opposition papers. Specifically, RP Healthcare reargues that (a) Defendants have not stated in detail or specified why a protective order is necessary, (b) the Lipitor patent has expired, obviating the need for additional safeguards, (c) Defendants' business interests cannot be protected because of their alleged antitrust violations, and (d) public policy interests weigh in favor of disclosure. See generally RP Healthcare Br., dkt. no. 329; RP Healthcare Br., dkt. no. 357.

In opposition, Defendants argue that RP Healthcare has not met the rigorous standard needed to succeed on a motion for reconsideration (i.e. proof that dispositive factual matters or controlling decisions of law were presented to the Court, but overlooked). Def.'s Br., dkt. no. 349.

## II.

Local Civil Rule 7.1(g) governs motions for reconsideration. It requires the moving party to "set forth concisely the matters or controlling decision which counsel believes [the Court] overlooked." L. Civ. R. 7.1(g). A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). "Because

reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted).

### III.

RP Healthcare has not satisfied the high standard required to succeed on a motion for reconsideration. Nearly all of RP Healthcare's arguments were proffered in their opposition to the other Parties' application for a Protective Order.[1] "An argument is not deemed overlooked because it is not specifically addressed in a court's opinion." Byrne v. Calastro, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006) (citation omitted). The Court considered these arguments and, after careful analysis, concluded that good cause existed for entry of the Protective Order.

RP Healthcare's primary argument is that Defendants' "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Pl.'s Br., dkt. no. 329, at p. 1. The test used to determine whether a confidentiality order should be entered requires the party seeking the order to demonstrate good cause. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995); see also FED. R. CIV. P. 26(c); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785 (3d Cir. 1994). "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." Pansy, 23 F. 3d at 786.

The Court previously determined that Defendants had shown good cause for a Protective Order because disclosure of information related to Defendants' business interests would cause

---

[1] In RP Healthcare's Motion for Reconsideration of the Discovery Confidentiality Order, they submit one argument not specifically addressed in their Motion for Reconsideration of the Protective Order. RP Healthcare argues "massive price increases paid by the public that resulted from Defendants' illegal conduct is a matter of such public importance that it should not be permitted to be hidden." RP Healthcare Br., dkt. 357, at p. 5. After considering this new point, the Court does not find it persuasive.

3

Defendants serious injury.[2] Specifically, the Court determined that disclosure of this information would substantially harm Pfizer and undermine its ability to compete in the market.

Mere disagreement with the Court's decision is not sufficient grounds to reverse the Court's earlier determination. RP Healthcare presents no new evidence or controlling law and, thus, fails to meet the standard for a successful motion for reconsideration. The Court therefore stands by its original conclusion that a Protective Order and a Discovery Confidentiality Order are appropriate in this case. Accordingly, RP Healthcare's Motions for Reconsideration are **DENIED**, and the Court directs that all discovery with respect to its claims shall be subject to the terms of the Protective Order and the Discovery Confidentiality Order.

## IV.

The Court, having considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 16th day of May, 2013,

**ORDERED** that RP Healthcare's Motion for Reconsideration of the Protective Order [dkt. no. 329] is **DENIED**.

**ORDERED** that RP Healthcare's Motion for Reconsideration of the Discovery Confidentiality Order [dkt. no. 357] is **DENIED**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] RP Healthcare seeks disclosure of, among other things, commercially sensitive business information pertaining to one of Defendants' most successful pharmaceutical products, Lipitor ®.