NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Civil Action No. 12-2389 (PGS) |
| IN RE: | : |  |
|  | : |  |
| LIPITOR ANTITRUST | : |  |
| LITIGATION | : |  |
|  | : | MEMORANDUM AND ORDER |
| _____ | : |  |

**ARPERT, Magistrate Judge**

This matter comes before the Court on non-parties Mylan Pharmaceuticals, Inc. and Mylan Inc.'s, (collectively "Mylan") Motion to Intervene [dkt. no. 399]. Mylan seeks to intervene in order to obtain a protective order restraining production of certain confidential settlement agreements between Mylan and Defendant Pfizer. End-Payor Plaintiffs opposed the Motion [dkt. no. 404]. The Court heard oral argument on June 28, 2013 and has fully considered the papers submitted. For the reasons set forth below, Mylan's Motion is **DENIED**.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 24, in pertinent part, provides:

> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) PERMISSIVE INTERVENTION.
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or

> (B) has a claim or defense that shares with the main action a common question of law or fact.

In the Third Circuit, a litigant seeking intervention as of right must establish: (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citation omitted). Each requirement must be met in order to intervene as of right. Id.

Additionally, a litigant seeking permissive intervention must establish: (1) a timely application for intervention, and (2) a common question of law or fact.  The decision to allow intervention is within the sound discretion of the Court.  Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992).

## II.   ARGUMENT

Mylan seeks to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).  Mylan Br. at 3.  Mylan argues that intervention is proper because: (1) the Court has ordered only limited discovery pending resolution of Defendants' motions to dismiss and Mylan only learned of End-Payors' Motion to Compel on May 10, 2013; (2) allowing Mylan to intervene would not "prejudice the parties who are currently litigating the precise issue in which Mylan has an interest"; and (3) denial of intervention will severely prejudice Mylan by not allowing it to protect its interest.  Id. at 4.

Specifically, Mylan argues that it has a sufficient interest in the litigation because the confidential information contained in its settlement agreement with Pfizer is "significantly protectable."  Id. at 5.  Similarly, Mylan argues that "denial of the right to intervene would jeopardize Mylan's interest in keeping the contents of its confidential agreements confidential."

<u>Id.</u>  Finally, Mylan argues that its interests are not adequately represented or protected by Pfizer because "Pfizer's priority is to defend itself in this litigation, and Pfizer would have no reason to give priority to Mylan's interest in confidentiality over any strategic benefit that Pfizer might gain by production."  Reply Br. at 1 [dkt. no. 405-2].  This assertion was challenged at oral argument by Pfizer's counsel.

Alternatively, Mylan seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b).  Mylan Br. at 6.  Mylan incorporates, from above, its argument that intervention is timely.  Mylan further argues that it has a common question of law or fact because it seeks a protective order concerning its settlement agreement with Defendant Pfizer.  <u>Id.</u> at 6.

End-Payor Plaintiffs oppose Mylan's Motion. They claim that Pfizer adequately protects Mylan's interests and that any intervention by Mylan would therefore be superfluous.  EP Br. at 3-7.  The Court agrees with End-Payor Plaintiffs, and finds Mylan's arguments unpersuasive.

### III.  DISCUSSION

In this case, the Court concludes that Mylan has failed to meet the fourth requirement for intervention as of right and, therefore, declines to address the remaining factors. That is, Mylan's interests are adequately protected by an existing party to the action, Pfizer.

Whether an existing party adequately protects a prospective intervenor's interests depends on "how the interest of the absentee compares with the interest of the present parties." <u>Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 369 (3d Cir. 1995).  "If his interest is identical to that of one of the present parties . . . then a compelling showing should be required to demonstrate why this representation is not adequate."  <u>Id.</u>

Mylan's interest in this litigation is in resisting production of the confidential settlement agreements between Mylan and Pfizer. <u>See</u>  Mylan Br. at 1-2.  To that end, Mylan argues: (1) the

3

requested agreements are outside the scope of the limited Discovery Order issued Oct. 19, 2012 [dkt. no. 197]; (2) the requested agreements are irrelevant to Plaintiffs' claims; (3) the requested agreements are confidential; and (4) Plaintiffs have no need for these agreements. Id. at 8-10.

Pfizer, an existing party to this litigation, shares the same interests as Mylan in resisting production of the confidential settlement agreements. See Pfizer's Opp. Br. at 1 [dkt. no. 388]. Indeed, Pfizer has advanced substantially identical arguments as Mylan.[1] The Court therefore finds the arguments presented by Pfizer and Mylan are aligned and mirror each other. Mylan, as a result, has not made a compelling showing that Pfizer's representation is inadequate.

Mylan's request for permissive intervention is likewise denied. As discussed above, the Court concludes that Mylan's interests and arguments are closely aligned with and mirror those of Pfizer. Because the Court believes Pfizer adequately represents the interests of Mylan, it would be superfluous to allow Mylan to intervene.

## IV.   CONCLUSION & ORDER

The Court has considered the argument of counsel as well as the papers submitted and, for the reasons set forth above;

**IT IS** this 19th day of August, 2013,

**ORDERED** that Mylan's Motion to Intervene [dkt. no. 399] is **DENIED**.

s/ Douglas E. Arpert_____
**DOUGLAS E. ARPERT, U.S.M.J.**

---

[1] Pfizer argues: (1) that the requested agreements are outside the scope of the limited discovery order issued Oct. 19, 2012; (2) the requested agreements are irrelevant to Plaintiff's claims; (3) that the requested agreements are confidential; and (4) that the Plaintiff has no need for the requested agreements. Pfizer Br. at 2, 8-15.