UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re LIPITOR ANTITRUST LITIGATION | Civil Action No. 3:12-cv-02389 (PGS) <br><br> **ORDER** |

THIS MATTER having been opened before the Court on a motion to amend the judgment and for leave to amend the complaint (hereinafter "motion to amend"). (ECF No. 583).

By way of procedural history, the following events occurred:

On September 12, 2014 the Court issued a memorandum dismissing the Complaint;

On October 10, 2014, Plaintiffs filed the above Motion to Amend, and simultaneously filed a Notice of Appeal with the Third Circuit.

On November 6, 2014 the Court held oral argument on the Motion to Amend, and the Court reserved its decision on said motion; however, the Court ordered that the parties commence mediation in order to negotiate settlement; and

On February 13, 2015 the Court received a letter from the mediator stating that mediation sessions were unsuccessful.

In light of same, the Court will decide the Motion to Amend. See. F.R.C.P. 59(e) and 15(a)(2).

The Plaintiffs argue that the Court should allow an amendment to the First Amended Complaint because the "Court announced a new, heightened pleading standard" in its

1

Memorandum (Plaintiff's brief ECF 585, id. 14469.) The Court disagrees because the timing of the motions to dismiss expanded over a long period of time in order to await the *Actavis* decision from the Supreme Court. After the publication of *Actavis*, the Court authorized amendments to the complaint and a new briefing schedule. This process exceeded a year. After *Actavis* was published, the parties knew the appropriate precedent from which to write a complaint. Moreover, when Actavis was published, Plaintiffs were allowed to amend the Complaint but there were few significant changes. All of the facts now known were known at that time.

In the present Motion to Amend, Plaintiffs argue that the Court employed an entirely new standard. From the Court's view, that characterization is overstated. The Memorandum principally relied upon the cases of *Actavis*, *Twombly*, and *Iqbal*. The parties had access to all of this precedent. There is nothing "novel" in this court's decision it simply applies the precedent. As such, in light of the long time frame, and the precedential opinions, the request to file another amendment to the complaint is denied.

IT IS on this __16__ day of __March__, 2014,

ORDERED that the motion to amend the judgment and to amend the complaint (ECF No. 583) is denied.

Dated: 3/16/15

HON. PETER G. SHERIDAN, U.S.D.J.