UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RP Healthcare, Inc., et al.,

    Plaintiff,

v.

Pfizer, Inc., et al.

    Defendant.

Civil Action No.: 12-5129 (PGS)

OPINION

This matter comes before the Court on remand from the United States Court of Appeals for the Third Circuit for the limited purpose of deciding two questions pertaining to *In Re: Lipitor Antitrust Litigation*. First; determining "whether diversity jurisdiction existed at the time judgment was entered;" and second, "whether the District Court had the power to reach the merit of the Plaintiffs' claims against the Daiichi Sankyo Defendants." (Order at 1, Case No. 12-cv-05129, ECF No. 95) (3d Cir. 2017).

I.

On November 7, 2011, Plaintiffs (RP Healthcare, et al) filed a complaint against Defendants in U.S. District Court of Northern California. (Memorandum and Order at 1, ECF No. 212.)[1] In the original case, the Plaintiffs alleged anti-trust law violations arising out of a reverse-settlement transaction between Pfizer and Ranbaxy Pharmaceuticals, Inc. ("Ranbaxy"), a pharmaceutical company in India, pertaining to the drug Lipitor. *See generally*, *FTC v. Actavis,*

---

[1] Several additional parties were also named as defendants in the complaint, but the present matter pertains only to the aforementioned named parties. The case, originally titled *Chimes Pharmacy, Inc. v. Pfizer*, was later renamed *RP Healthcare v. Pfizer. Id*.

1

*Inc*., 133 S. Ct. 2223 (2013) (Original State Complaint at 3-4, Case 3:12-cv-05129, ECF No. 3) (hereinafter "Original State Complaint").

On December 6, 2011, Defendants moved before the Judicial Panel on Multidistrict Litigation ("MDL") to centralize this case with other similar filed cases that arose out of the Lipitor transaction. (Memorandum and Order at 1, ECF No. 212.)

On or around January 20, 2012, Plaintiffs apparently disliked the MDL procedures and dismissed without prejudice their complaint from the District Court of Northern California. *Id.*

On January 31, 2012, Plaintiffs then proceeded to re-file the complaint in the Superior Court of California, County of Sonoma alleging state law claims. *Id*. *See also* Original State Complaint at 1.

On March 2, 2012, the collective Defendants removed the case to the U.S. District Court for the District of Northern California on grounds of federal question pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446, and 1454. (Notice of Removal at 1, 4-5, Case No. 3:12-cv-05129, ECF No. 1) (hereinafter "Notice of Removal") (claiming it involved "'an abuse of the Hatch-Waxman Act,'" "'fraudulent procurement and enforcement of a patent in violation of the Sherman Act,'" and "'commercial bribery'" in violation of the Robinson Patman Act."). The grounds for removal did not include diversity jurisdiction (28 U.S.C. § 1332) because at least two Defendants, California Physician Services, Inc. and CVS, were principally located in California. *See* Notice of Removal at 3.

On August 3, 2012, the MDL transferred the case to the District of New Jersey.

On October 25, 2012, the Plaintiffs' motion to remand the case back to the Superior Court of California was denied. (Alioto Letter at 1-2, ECF No. 659.)

On November 15, 2012, Defendants Daiichi Sankyo Company, Limited ("Daiichi Limited") and Daiichi Sankyo, Inc. (Daiichi, Inc.) (and sometimes collectively referred to as "Daiichi Defendants") filed motions to dismiss. Daiichi Limited filed a motion based upon lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)) and failure to state a claim upon which relief may be granted (Fed. R. Civ. P. 12(b)(6). Daiichi, Inc. asserted only a 12(b)(6) defense. (Daiichi Defendants' Brief at 2, ECF No. 242-1). On this remand, both Daiichi Defendants rely on the same materials that were submitted in the November, 2012 motion;[2] hence, Daiichi Inc. never asserted a lack of jurisdiction.

On May 8, 2013, Defendant California Physician Services, Inc. (Blue Shield) settled with Plaintiffs and was voluntarily dismissed from this case. (Stipulation of Dismissal – Blue Shield at 1, ECF No. 384.)

On July 22, 2013, Defendants Pfizer, Pfizer Ireland, and Warner raised diversity jurisdiction, for the first time, as grounds for the subject matter jurisdiction, when the Plaintiffs moved to remand the case back to the California state court. (Memorandum in Opposition at 31-33, ECF No. 427).

On August 31, 2013, CVS was also voluntarily dismissed. (Stipulation of Dismissal – CVS at 1, ECF No. 445.)

On September 12, 2014, this Court issued a Memorandum and Order, granting Defendant Pfizer's motion to dismiss the Plaintiffs' complaint with prejudice. (Memorandum, ECF No. 566.) The Plaintiffs appealed on October 10, 2014.

---

[2] In early June, 2017, Daaichi Defendants attorney did not submit any additional facts surrounding personal jurisdiction because all of the facts were submitted in November, 2012.

On November 5, 2014, this Court issued an Order dismissing Plaintiffs RP Healthcare's amended complaint with prejudice, finding that RP Healthcare did not allege the criteria set forth in the *FTCV v. Actavis* complaint concerning the reverse settlement. (Order, ECF No. 610).

On April 13, 2017, the Third Circuit remanded the case back to this Court for the limited purpose of determining jurisdiction, and whether the jurisdictional decision impacts the prior dismissal under Federal Rules of Civil Procedure 12(b)(6).

The jurisdiction issue has two aspects: whether diversity jurisdiction existed at the time judgment was entered[3]; and whether the Daiichi Limited is subject to the personal jurisdiction of this Court.

In late May, 2017, the Court held two telephone conferences, and subsequently Plaintiff's counsel and Pfizer's counsel submitted a document entitled "Stipulation on Diversity."

On June 20, 2017, Mr. Alioto corresponded with regard to the diversity issue. Evidently, Mr. Alioto's clients changed their position with regard to the Stipulation on Diversity, and argued that diversity was not timely set forth as a reason for removal by Pfizer (28 U.S.C. § 1446(c)); and therefore diversity was waived by Defendants (Alioto Letter, ECF No. 659).

II.

**Personal Jurisdiction over Daiichi Limited**

Daiichi Limited asserts a lack of personal jurisdiction defense under Fed. R. Civ. P. 12(b)(2). (Daiichi Defendants' Brief at 2, ECF No. 242-1)[4].

---

[3] On the diversity issue, all the parties agree that the dispute exceeds $75,000 in damages, and as such only state citizenship is in question. (Stipulation Regarding Diversity at 3, ECF No. 652.)

[4] As Daiichi Inc. did not assert a lack of personal jurisdiction defense and Daiichi, Inc. relies on the same facts as submitted with the initial motion, this Court finds no reason to engage in further analysis in this matter with respect to Daiichi, Inc. and will therefore limit its analysis to Daiichi Limited

Factually, Defendant Daiichi Limited is a Japanese pharmaceutical company with its head office at 3-5-1 Nihonbashi-honcho, Chuo-ku, Tokyo, 103-8426, Japan. (Declaration of Yoshihiro Aoyagi at 2, ECF No. 242.) Their principle place of business is in Japan.

Daiichi Limited asserts that (1) it is a Japanese corporation; (2) it is not incorporated or registered to do business in California; (3) it has no offices or other company facilities in California; (4) it has no employees in California; and (5) it has no appointed agent for service of process in California. *See* (Declaration of Yoshihiro Aoyagi at 1-2, ECF No. 242.).

In their opposition, RP Healthcare argues that Daiichi Limited may be subject to personal jurisdiction if the Court allows jurisdictional discovery; and/or the Court adopts the facts of a decision by Judge Kugler based upon judicial notice. *See*, *In Re Benicar (Olmesartan)*, Case No. 1:15-md-2606 (wherein a recently settled product liability case found jurisdiction over both Daiichi Limited and Daiichi, Inc.) Notably, Plaintiffs do not argue any of the facts set forth within *In Re Benicar* within their complaint. (Alioto Letter at 1-2, ECF No. 650).

With regard to the discovery issue, Plaintiff's counsel seeks to depose an appropriate executive of Daiichi Limited to determine whether there was an agreement between Ranbaxy and Daiichi Limited which conditioned the purchase of Ranbaxy stock by Daiichi Limited upon entering the underlying contract with Merck. The discovery request is denied because it is more akin to facts about liability rather than discovery about the personal jurisdiction issue.

Plaintiff's second argument is that the Court should accept facts established in *In Re Benicar* with regard to jurisdiction over both Daiichi Defendants. RP Healthcare highlights that within *In Re Benicar*, both Daiichi Limited and Daiichi Inc. admit that Daiichi Inc. serves as the home office and corporate headquarters for Daiichi Limited in the United States. (*See* Master Answer of Daiichi Sankyo, Inc. at 5, Case No. 1:15-md-2606, ECF No. 82) ("The Daiichi U.S.

Defendants admit that Daiichi Sankyo, Inc. operates as the U.S. commercial home office and corporate headquarters of Daiichi Sankyo Company, Ltd."); (Master Answer of Daiichi Sankyo Company, Ltd. at 4, Case No. 1:15-md-2606, ECF No. 126). RP Healthcare then cites again to Daiichi Inc.'s master answer where the company admits to having sales of pharmaceutical products in New Jersey and the United States. *See* (Master Answer of Daiichi Sankyo, Inc. at 2, Case No. 1:15-md-2606, ECF No. 82). RP Healthcare then argues that Daiichi Inc.'s master answer wherein the company admits to having sales of pharmaceutical products in New Jersey and the United States. (*See* Master Answer of Daiichi Sankyo, Inc. at 2, Case No. 1:15-md-2606, ECF No. 82) RP Healthcare asserts that these admissions in the *In Re Benicar* matter, along with the facts present in the First Amended Complaint, are sufficient to establish personal jurisdiction over Daiichi Limited.

As noted above, Plaintiffs argue that the Court should adopt the facts set forth in the *In Re Benicar* law suit by way of judicial notice. This argument is unpersuasive. The Federal Rules of Evidence 201(b) provide that judicial notice of facts outside of the trial record can only be taken when the facts are "not subject to reasonable dispute." A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See id.*; *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001). Facts determined in a separate case fall short of this standard since "taking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice." *Werner,* 267 F.3d at 295; *see also Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384 (2d Cir. 1992). Facts adjudicated in a prior case may not meet either test of indisputability contained in Rule 201(b) because they are not ones of common knowledge that can be applied to this case.

The facts cited in the First Amended Complaint are significantly more limited than the facts alleged in the *In Re Benicar* suit. For example, in the First Amended Complaint, Plaintiffs merely state how Daiichi Limited is a Japanese corporation and that Daiichi Inc. is incorporated in Delaware with its principle place of business in New Jersey. It is not generally known that the facts set forth in *In Re Benicar* are the same in this case. For example, the allegations in this case were filed in 2012, whereas the allegations against the Daiichi Defendants in *In Re Benicar* were filed in 2015. Obviously, corporate relationships may have changed in those three years. In addition, the fact that a defendant has admitted to personal jurisdiction in one case does not necessarily mean that the same defendant is subject to personal jurisdiction in another, separate case. *See Pausch LLC v. Pausch Med. GmbH*, 2015 U.S. Dist. LEXIS 18665, at *4 (D.N.J Feb. 17, 2015) (the mere fact that [a defendant] has admitted that the District of New Jersey has personal jurisdiction over it in another case . . . does not mean that this Court has personal jurisdiction over [defendant] in this case, as specific jurisdiction is claim specific.) (*Remick v. Manfredy*, 238 F.3d 248, at 255 (3d Cir. 2001). Moreover, *In Re Benicar* refers to jurisdiction within New Jersey. There may not be sufficient facts to show specific contacts of Daiichi Limited in California that support personal jurisdiction. For the reasons set forth above, the Court will not take judicial notice of the facts of *In Re Benicar*.

Whether personal jurisdiction exists over a non-resident defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether assertion of jurisdiction violates Fourteenth Amendment Due Process. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-476 (1985). In the State of California, the inquiry is collapsed into a single step because the long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process as defined under the Constitution. *See Schwarzenegger v. Fred Martin Motor Co.*, 374

F.3d 797, 800–01 (9th Cir. 2004); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475. To prove that the defendant has purposefully availed itself of that state, a plaintiff may rely upon a defendant's specific contacts with the forum state. It is the plaintiffs' burden to allege facts giving rise to personal jurisdiction. *See Gray & Co. v. Firstenberg Machinery Co., Inc*., 913 F.2d 758, 760 (9th Cir. 1990).

Personal jurisdiction may be either general, when the cause of action arises out of the foreign corporation's activities in the forum, or specific, when the defendant's contacts with the forum give rise to the cause of action. For a foreign corporation to be subject to general jurisdiction in a forum state, its contacts with the state must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Good Year Dunlop Tires Operations, S.A., v. Brown*, 131 S. Ct. 2846, 2851 (2011). To find specific jurisdiction, a court must determine whether the defendant had minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The defendant's actions must have been "purposefully directed toward the forum state." *Asahi Metal Industry Co*., 480 U.S. 102, 112 (1987).

Given minimum contacts, a court may inquire whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Burger King Corp*., 471 U.S. at 476. To comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. *World-Wide Volkswagen. Corp*., 444 U.S. at 292. To determine

reasonableness, a court considers the following factors: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiffs' interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering substantive social policies. *Id*. Only in "rare cases [does] 'fair play and substantial justice'...defeat the reasonableness of jurisdiction." *Asahi Metal Indus. Co*., 480 U.S. at 116.

Although a single contact may be enough to permit a finding of jurisdiction, a contract with an out-of-state party does not automatically establish minimum contacts. *Burger King*, 471 U.S. at 478. Rather, the court must examine "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether the defendant purposefully established minimum contacts with the forum. *Id*. at 479. Further, a relationship between a parent company and its subsidiary is not sufficient to establish personal jurisdiction over the parent based on the subsidiary's contacts with the forum. *Doe v. Unocal Corp*., 248 F.3d 915, 925 (9th Cir. 2001); *Transure, Inc. v. Marsh and McLennan, Inc*., 766 F.2d 1297, 1299 (9th Cir. 1985). Only when an agency relationship where the parent controls the subsidiary's internal affairs and daily operations may courts subject a parent corporation to general jurisdiction based on the activities of a subsidiary. *Doe*, 248 F.3d at 926.

"Motions to . . . dismiss for lack of jurisdiction are . . . routinely considered by courts to which multidistrict litigation has previously been transferred." *In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969). In doing so, a transferee court considers whether the defendant has established the necessary minimum contacts with the transferor forum.

Daiichi Limited argues that this Court lacks personal jurisdiction and as such move to dismiss the complaint under Rule 12(b)(2). Due process requires that a "defendant purposefully

established 'minimum contacts' in the forum State." *Asahi Metal Industry Co*., 480 U.S. at 108–09. Plaintiffs do not allege any facts that would support a California court's exercise of specific personal jurisdiction over Daiichi Limited.

Having denied the requests for discovery and also having denied the judicial notice request, RP Healthcare has provided little evidence proving the personal jurisdiction issue. When a defendant moves to dismiss due to lack of personal jurisdiction, it becomes the plaintiff's burden to prove otherwise. *See Pausch*, 2015 U.S. Dist. LEXIS 18665, at *2 (*see also*, *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Given that RP Healthcare relies on a scant few lines in the First Amended Complaint, their burden is not met.

RP Healthcare also does not address the issue raised by Daiichi Limited that the existence of a relationship between a parent company and its subsidiary is insufficient to establish personal jurisdiction over the parent on the basis of the subsidiary's contacts with the forum. *See,* 248 F.3d at 925. Plaintiff also does not argue any agency relationship. *Id.* at 926. RP Healthcare fails to allege any basis for subjecting Daiichi Limited to general jurisdiction based on exerting control over its subsidiaries. The complaint provides no factual allegations that Daiichi Limited controls any subsidiary's internal affairs or daily operations or has otherwise purposefully injected itself into California by any means. *Doe*, 248 F.3d at 925.

Finally, Daiichi Limited's contacts with California cannot likely be described as "continuous," "substantial" or "systematic" sufficient to give rise to general jurisdiction. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 318 (1945). Courts routinely dismiss suits against foreign corporations like Daiichi Limited for lack of general jurisdiction. *See Young v. Actions Semiconductor Co., Ltd.*, 386 Fed. App'x 623 (S.D. Cal. 2010). In *Young*, the suit was dismissed because the defendant

"[was] not registered to do business in California, . . . never had any offices or other company facilities in California, . . . never employed any individuals in California, and . . . never appointed an agent for service of process in California." *Id*. The same rationale applies here. S*ee also Phillips v. Worldwide Internet Solutions*, No. C 05-5125 SBA, 2006 WL 1709189, at *5 (N.D. Cal., June 20, 2006). The complaint does not make a specific allegation regarding Daiichi Limited's contacts with California, and it is the plaintiffs' burden to allege facts giving rise to personal jurisdiction once Defendant moves to dismiss a complaint for lack of personal jurisdiction. *See Grey* 913 F.2d at 760. *See also O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

Exercising specific personal jurisdiction over Daiichi Limited and thereby requiring a Japanese corporation—whose operations, witnesses and records all exist in Japan—to defend this suit in California or New Jersey is arguably unreasonable. *See* Declaration of Yoshihiro Aoyagi at 2. (ECF No. 242). Reasonableness of the forum depends, inter alia, on the extent of purposeful interjection and the burden on the defendant to defend the suit in the chosen forum. *Gray*, 913 F.2d at 761 As a Japanese corporation, Daiichi Limited faces "the unique burdens placed upon one who must defend oneself in a foreign legal system" and this "should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 112.

Because Daiichi Limited is subject to neither specific nor general jurisdiction in California, the suit is dismissed. Fed. R. Civ. P. 12(b)(2). As such, my prior Order dismissing Daiichi Limited for failure to state a claim upon which relief may be granted is vacated (Fed. R. Civ. P. 12(b)(6)). (ECF No. 482).

III.

Diversity Jurisdiction

The second issue concerns whether diversity jurisdiction exists over the parties.

The facts set forth within the Stipulation on Diversity, and supported by an affidavit of Darren Welsh are as follows:

> The parties hereby stipulate to the following facts relating to diversity of citizenship in this action:
>
> 1. Plaintiffs Chimes Pharmacy, Inc.; Marin Apothecaries, Inc. d/b/a Ross Valley Pharmacy; Golden Gate Pharmacy Services, Inc. d/b/a Golden Gate Pharmacy; Pediatric Care Pharmacy, Inc.; James Clayworth; Meyers Pharmacy, Inc.; Tony Mavrantonis; Tilley Apothecaries, Inc.; and RP Healthcare, Inc. (collectively, "Plaintiffs") are all citizens of California.
>
> 2. Based upon the Affidavit of Darren M. Welsh, Senior Corporate Governance Specialist of Pfizer Inc., a true copy of which is attached as Exhibit A, at all times since January 2012, including on November 5, 2014, the date judgment was entered dismissing Plaintiffs' Complaint in this matter, none of the Pfizer entities who are Defendants in this case, *i.e.*, Pfizer Inc., Warner-Lambert Company, Pfizer Ireland Pharmaceuticals, Warner-Lambert Export, Ltd., has been a citizen of California.
>
> 3. Plaintiffs agree that none of the other Defendants in this action have been a citizen of California during the pendency of the action, with the exception of the Defendants CVS Caremark Corporation and California Physicians Service, Inc., both of which settled with Plaintiffs and were dismissed from this action prior to the date judgment was entered.

Within Mr. Welsh's affidavit, he further noted the following facts:

> 1. Defendant Pfizer Inc. ("Pfizer") is a corporation organized in Delaware and has its principle place of business in New York. (Affidavit of Darren M. Welsh at 2, ECF No. 652.)
>
> 2. Defendant Pfizer Ireland Pharmaceuticals ("Pfizer Ireland") is an unlimited company organized and existing under the laws of Ireland with its registered office at the OSG Building, Ringaskiddy, County Cork, Ireland. (Affidavit of Darren M. Welsh at 2, ECF No. 652.)

3. Defendant Warner-Lambert Company, LLC ("Warner") is a limited liability company organized and existing in the State of Delaware and with its principle place of business in the State of New York. (Affidavit of Darren M. Welsh at 2, ECF No. 652.)

As directed, the Court examines whether diversity jurisdiction existed at the time of judgment on September 12, 2014, pursuant 28 U.S.C. § 1332. The district courts of the United States are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). The district courts are authorized to hear cases where the subject matter pertains to a federal question, cases where the United States government is a party, or in matters between parties of different states where the amount in controversy exceeds $75,000. *Id.* If even one plaintiff shares citizenship with a single defendant in a case with multiple plaintiffs and defendants, diversity jurisdiction does not exist. The Supreme Court noted that "a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Id.* at 553. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 375 (1978)).

Plaintiffs point out that removal of an action dependent on diversity jurisdiction must be made within one year of commencement of the suit, and Defendant did not raise diversity as a reason for removal for nineteen months. (Alioto Letter at 1-2, ECF No. 659.) Plaintiffs' argument makes little sense because the action as originally filed could not have been removed or dismissed since the Plaintiffs and the Defendants CVS and Physician Services were citizens of the State of California. (Stipulation Regarding Diversity at 2, ECF No. 652.) *See Exxon Mobil Corp.*, 545 U.S. at 553. Ordinarily, "diversity must have existed both at the time . . . the plaintiffs' state court complaint was filed and at the time of removal." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150-51 (3d Cir. 2017) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). However, there is a narrow

exception (as pointed out by the Third Circuit) to the rule that allows cases proceeding on flawed diversity to continue if certain conditions are met. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567 (2004).

In *Grupo*, the Supreme Court held that in the event of a "jurisdictional defect," the defect can be "cured by the dismissal of the party that had destroyed jurisdiction." *Id.* at 570. In addition, the Supreme Court also held that improperly removed cases can still proceed, even if the district court erred in failing to remand the case. *See Caterpillar Inc. v. Lewis*, 529 U.S. 61, 64 (1996) (finding that "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered.").

By the time this Court entered judgment on September 12, 2014, CVS and Physician Services, the two Defendants that had destroyed diversity jurisdiction, had been voluntarily dismissed. (Stipulations of Dismissals, ECF No. 384, 445.) Accordingly, as these were the only two Defendants from the State of California, their dismissal may have "cure[d] [the] jurisdictional defect." *See Grupo*, 541 U.S. at 570.

The Third Circuit was uncertain about the citizenship of Defendants Pfizer Ireland and Warner. *In re Lipitor Antitrust Litig.* 855 F.3d at 151-52. The Third Circuit therefore remanded the case to this Court in order to determine the citizenship of these two parties and, pending determination, whether diversity exists at this time. *Id.* As noted above, neither Pfizer Ireland nor Warner are citizens of the State of California. (Stipulation Regarding Diversity at 2, ECF No. 652.) Rather, Pfizer Ireland's citizenship is in Ireland and Warner is incorporated in Delaware. (Affidavit of Darren M. Welsh at 2, ECF No. 652.) Moreover, Daaichi, Inc. is a Delaware Corporation

14

headquartered in New Jersey. As such, it is diverse from Plaintiffs. The Court finds that the Plaintiffs and Defendants are diverse. 28 U.S.C. § 1332.

In conclusion, in accordance with the remand:

(1) The Court finds there is diversity jurisdiction;

(2) There is a lack of personal jurisdiction over Daiichi Limited, so Daiichi Limited is dismissed from the lawsuit on that basis;

(3) Wherein the Court previously dismissed the lawsuit against Daiichi Limited and Daiichi, Inc. based on Fed. R. Civ. P. 12(b)(6), the Court vacates that portion of the Order (ECF No. 482) as it applied to Daiichi Limited, but the other portion of the Order, as it applies to Daiichi, Inc. remains in effect.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

September 28, 2017