

One Riverfront Plaza
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

November 1, 2018

**VIA ECF**
Honorable Douglas E. Arpert, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      **RE:**    *In re Lipitor Antitrust Litigation*
                **Master Docket No. 12-cv-02389 (PGS-DEA)**

Dear Judge Arpert:

      This firm, together with White & Case LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP, represents Defendants Pfizer Inc., Pfizer Manufacturing Ireland, Warner-Lambert Company, and Warner-Lambert Company LLC (collectively, "Pfizer") in the above-captioned matter. Pursuant to the Court's request at the October 4, 2018 motion hearing in this matter, we write on behalf of all parties concerning a litigation schedule.

      The operative schedule was entered on April 18, 2018, (*see* Dkt No. 754), following a March 28, 2018 status conference. Because certain events on the schedule occurred later than contemplated under the schedule, all parties agree a revised schedule should be put into place. The parties have met and conferred and are in agreement concerning many of the proposed dates, including that the deadline for substantial completion of document production should be March 29, 2019, but several areas of disagreement remain. Accordingly, outlined below are the parties' respective positions. Attached as Exhibit A is the schedule entered by the Court on April 16, along with Plaintiffs' proposed revisions and Defendants' proposed revisions to that schedule. Dates in red are dates as to which the parties disagree.

      **I.**    **Commencement of Document Production**

      *Plaintiffs' Position.* Defendants have informed Plaintiffs that Defendants will not begin rolling production on November 15 unless Plaintiffs agree to make "substantive production" on that same date. Plaintiffs are willing to produce on that date responsive material that they have collected thusfar, including organizational charts, assignments and data. However, there are numerous outstanding disputed issues with respect to the proper scope of documents requested by

Defendants, (*see* Dkt No. 830 (10/29/2018 Ltr to Court outlining open issues)), and it would thus be inefficient for Plaintiffs to search for, review, and produce documents before the Court has ruled on those disputes. Therefore, Plaintiffs proposed to produce such documents 60-90 days following a ruling from the Court. Defendants have rejected that proposal, meaning that Defendants are asking, practically speaking, for Plaintiffs to run their searches twice on the same document sets — once to retrieve materials that are not subject to dispute now, and yet again if the Court orders production of the additional documents Defendants seek. This is a highly burdensome and unnecessary proposition for Plaintiffs.

In contrast, there are no disputes between the parties concerning the appropriate scope of Defendants' productions. Based on Defendants' comments at the October 4 motion hearing, Plaintiffs understand that Defendants have already collected some documents and are ready to disclose them as soon as the date for initial production is set. In effect, Defendants are trying to hold their document productions hostage until Plaintiffs provide enough documents to satisfy Defendants, but the Federal Rules do not permit such "a 'tit-for-tat' approach to discovery." *Richardson v. City of Antioch*, No. C-08-3470 JSW EMC, 2009 WL 982118, at *1 (N.D. Cal. Apr. 13, 2009). *See also Liguria Foods, Inc. v. Griffith Labs., Inc*., 320 F.R.D. 168, 183, 97 Fed. R. Serv. 3d 213 (N.D. Iowa 2017) ("Rule 26(d)(3) makes clear … that a party cannot delay responding to discovery simply because the other party has not yet responded to its discovery"). The fact that the parties are awaiting a court ruling on certain issues concerning Plaintiffs' production is no excuse for a delay in Defendants providing discovery materials they have readily at hand. Indeed, the documents that are central to the issues in this case are largely in the possession of Defendants, not Plaintiffs, and Defendants have not claimed (nor can they) that they will be prejudiced by commencing production before the resolution of the open issues concerning Plaintiffs' production.

<u>*Defendants' Position*</u>. As noted above, all parties agree that March 29, 2019 would be a reasonable deadline for the substantial completion of document productions. Disagreement remains, however, as to whether a universal commencement date for document productions should be set and, if so, what should happen by that date.

Defendants would be ready to begin producing documents as early as November 16, 2018, which we understand is an acceptable commencement date for Plaintiffs. Plaintiffs have indicated to Defendants, however, that the only documents they can commit to producing as of that date are (a) certain supplemental organizational charts (those which Plaintiffs failed to produce in March 2018 pursuant to Section C.2(b) of the Parties' Agreement Establishing Protocol For Discovery Of Electronically Stored Information (ECF No. 416); (b) relevant claim assignments; and (c) certain transactional data that Plaintiffs may have collected thus far. In other words, Plaintiffs will produce only a handful of documents and are unwilling to commit to collecting and producing electronic documents by running even those search terms that they have already agreed to. Plaintiffs have claimed that they need to wait until after the Court rules on Defendants' pending discovery motions so they can understand the full extent of their obligations before they can begin this process. Defendants disagree that this is sufficient or that it is fair for Plaintiffs to unilaterally stay the bulk of their discovery obligations. The commencement date for document productions should apply to all parties, and all parties should be required to begin producing documents in a

meaningful way as of that date. Plaintiffs are not entitled to withhold their document productions to enjoy the benefits of one-sided discovery resulting in potentially months of additional time reviewing Defendants' documents merely because, unlike Plaintiffs, Defendants avoided significant disputes by compromising with Plaintiffs and substantially accommodating Plaintiffs' discovery requests.

For these reasons, Defendants are willing to agree to a commencement date (as early as November 16, 2018) that applies to all parties. If, however, Plaintiffs are unwilling to agree to begin making meaningful productions as of an agreed-upon start date, Defendants are amenable, instead, to not having a start date in the schedule, and all parties instead will just commit to completing production by the March 29 deadline.

## II. Deadline for Deposition of Experts

*Plaintiffs' Position.* As noted below, Plaintiffs believe that *Daubert* motions concerning class certification experts (*i.e.,* April 17 *Dauberts*) should be "one-shot" *Dauberts*. In order for this to occur, all experts must be deposed prior to the filing of April 17 *Daubert* motions, as Plaintiffs' proposal provides. In order to address Defendants' stated concerns that the number of identified experts would render the timeline in between the service of rebuttal reports and the deadline for deposing experts too tight, Plaintiffs offered the workable solution of making the deadline for deposing experts the same as the close of expert discovery, (*i.e.,* the parties would have an additional two and a half weeks, until April 6, to depose experts), but Defendants refused to agree to that proposal.

*Defendants' Position.* After an extensive meet-and-confer process, the parties agreed earlier this year (and the Court entered a Scheduling Order accordingly) to impose a deadline earlier than the close of expert discovery for the depositions of class certification experts, so that such depositions would take place before any *Daubert* motions on those class certification experts were filed. That schedule, as discussed below, also specifically noted that the deadline for filing *Daubert* motions on merits-related issues would be decided later. Plaintiffs now wish to revisit this part of the schedule so that all expert depositions would have to be completed by the earlier date. This would require all expert depositions to take place within two weeks after Plaintiffs' rebuttal reports are filed, which is unreasonable and inherently unworkable given the number of parties and number of experts expected. Further, it would make the existing deadline for the "close" of expert discovery, which would apply to the remainder of non-class certification experts, meaningless. Plaintiffs' claim that this adjustment is necessary because a class certification expert who also opined on an unrelated merits issue should only be subject to a *Daubert* motion once is flawed. There is no reason why an expert cannot be the subject of a later *Daubert* motion on an issue unrelated to class certification just because an earlier motion was filed with respect to his or her class certification opinion. But, in any event, this purported justification does not make sense with respect to the multitude of other anticipated experts—representing the bulk of the expert discovery in this matter—who would then have to be deposed over a very short time period. There is simply no reason to revisit the issue of sequencing in the schedule that had previously been agreed upon and entered by the Court. The solution here is straightforward: the existing agreed

Honorable Douglas E. Arpert, U.S.M.J.
November 1, 2018
Page 4

dates should just be moved back—but kept in the same general spacing and sequence—in order to accommodate the parties' agreement that the earlier period of fact discovery will need to be extended.

### III.   *Daubert* Motions

*Plaintiffs' Position.* As entered in April 2018, the schedule provides that "the timing for merits-related *Daubert* motions will be decided at a later date." *See* Dkt No. 754 at n. 2. Six months have now passed, and, Plaintiffs believe that the timing of such motions should be decided now, in conjunction with setting forth revised dates for all other litigation events. Specifically, Plaintiffs propose that after the conclusion of expert discovery, Plaintiffs will file class certification motions, and the parties will file *Daubert* motions concerning class certification experts, with such *Daubert* motions also addressing any merits opinions that the expert has offered, *i.e.,* "one-shot" *Dauberts*. (*Daubert* motions concerning experts who have offered *only* merits opinions would be filed concurrently with summary judgment motions). Defendants do not agree with Plaintiffs' proposal, and instead propose no deadlines for merits *Daubert* motions.

It would be inefficient for the litigation schedule to completely omit merits *Daubert* motions, as Defendants propose. This litigation has been pending for more than 7 years, Plaintiffs are ready, willing and able to efficiently move the case towards trial, and a schedule that includes no date for merits *Daubert* motions would only serve to delay this case further. Notably, though Defendants oppose a schedule for merits *Dauberts* at present, Defendants previously agreed with Plaintiffs' position, stating in their section of the March 23, 2018 status report that "deadlines for *Daubert* motions not related to class certification **should be** addressed as part of the pre-trial schedule." *See* Dkt No. 323 at p. 14 (emphasis added). Moreover, there is no valid reason for multiple rounds of *Daubert* motions for experts who have offered both class and merits opinions. With expert discovery fully closed and all experts deposed, one motion can challenge all such opinions, with the Court being free to decide the merits-based challenges in conjunction with summary judgment if it chooses to do so.

*Defendants' Position.* The previously entered schedule contemplated a deadline for filing *Daubert* motions on class certification experts and noted that the deadline for merits-related *Daubert* motions would be decided later. This made sense because, as Your Honor stated at the March 28, 2018 status conference, this deadline will be more than a year away, and a decision about such *Daubert* motions should be deferred until "we get close" and get guidance from Judge Sheridan on his preference. March 28, 2018 Status Conference Tr. 42-43. Nothing has materially changed since that time and there is no reason now—before any documents have even been produced—to set a deadline for merits-related *Daubert* motions. Defendants believe that the deadlines for *Daubert* motions as to merits experts should be addressed as part of the pre-trial schedule, as to which Defendants will confer with Plaintiffs once the Court establishes a trial date.

Should the Court disagree and believe that it is appropriate to set a schedule for *Daubert* motions at this time, Defendants respectfully submit that the schedule should not correspond to the deadlines for filing motions for summary judgment, as Plaintiffs now propose. There is no

need to schedule *Daubert* briefs as to merits experts to be filed at the same time as summary judgment briefs. To the extent a party seeks to rely on inadmissible evidence, expert or otherwise, in support of or in opposition to a summary judgment motion, an opposing party is free to object to such evidence under Rule 56(c)(2).

### IV. Trial Date

*Plaintiffs' Position*. The parties are in agreement that November 13, 2020 should be the date for the close of summary judgment briefing. In recognition of the holiday season and the amount of pre-trial work that would have to be done following summary judgment briefing, Plaintiffs propose a trial date of March 1, 2021, which is roughly two and a half months later. Conversely, Defendants propose that there be no trial date. In Plaintiffs' experience, having a scheduled trial date keeps litigants focused and working towards that date, and thus Plaintiffs believe that the setting of a trial date is wholly appropriate. If the trial date needs to be subsequently adjusted, the Court and the parties can address such in the future.

*Defendants' Position*. Plaintiffs propose that trial be scheduled for March 1, 2021—nearly two-and-a-half years from now. As discussed with the Court at the conference on March 28, 2018, Defendants believe it is premature for the Court to set a trial date (or dates for pre-trial activities) at this stage, as such dates will depend upon, among other things, the Court's calendar, which cannot be known at this time. Again, nothing has changed since the prior schedule (without a trial date) was entered a few months ago that could impact this analysis. Defendants will of course proceed with any trial date the Court deems appropriate.

*****

As noted during the October 4, 2018 motion hearing, a date has not yet been set for the parties' next status conference with the Court. The parties therefore respectfully request that the Court schedule a status conference before the end of the calendar year.

We thank the Court for its time and attention to this matter. As always, we are available should Your Honor have any questions.

Respectfully submitted,

*s/ Liza M. Walsh*

Liza M. Walsh

Enclosures
cc:     All Counsel of Record (*Via ECF*)

# EXHIBIT A

**EXHIBIT A**
**LIPITOR ANTITRUST LITIGATION – PROPOSED REVISED SCHEDULES**

| Activity | Current Schedule (ECF No. 754, entered April 16, 2018) | Defendants' Proposal | Plaintiffs' Proposal |
|---|---|---|---|
| Date for commencing rolling production of documents. Privilege logs that correspond to each production shall be served no later than six weeks thereafter. | | November 16, 2018[1] | November 16, 2018 |
| Date for substantial completion of production of documents responsive to RFPs served on or before March 1, 2018 | | Friday, March 29, 2019 | Friday, March 29, 2019 |
| Fact discovery closes | Friday, June 14, 2019 | Friday, September 27, 2019 | Friday, September 27, 2019 |
| Plaintiffs serve all opening expert reports | Wednesday, August 14, 2019 | Friday, November 22, 2019 | Friday, November 22, 2019 |
| Defendants serve opposition expert reports | Monday, October 14, 2019 | Friday, January 31, 2020 | Friday, January 31, 2020 |
| Plaintiffs serve rebuttal expert reports | Tuesday, November 26, 2019 | Friday, March 6, 2020 | Friday, March 6, 2020 |
| Plaintiffs file motions for class certification | Friday, December 6, 2019 | Monday, April 6, 2020 | Friday, May 15, 2020 |
| Current Schedule and Defendants' Proposal: Deadline for deposing class certification | Friday December 13, 2019 | Friday, March 20, 2020 | Friday, March 20, 2020 |

---

[1] **Defendants' Position**: This date only applies if all parties agree to make a substantive production on this date. Otherwise, Defendants do not believe there should be a commencement date for document productions.
**Plaintiffs' Position**: Plaintiffs are willing to agree to produce org charts, assignments and data collected thusfar. Because the court has not yet ruled on the open discovery issues concerning Plaintiffs' production, Plaintiffs necessarily cannot produce the documents that are the subject of the dispute. Plaintiffs can commit to producing all so-ordered documents 60-90 days from the date of a decision. Plaintiffs do not agree that rolling production should be completely halted until such a decision, and believe that there should be an opening date

| Activity | Current Schedule (ECF No. 754, entered April 16, 2018) | Defendants' Proposal | Plaintiffs' Proposal |
|---|---|---|---|
| experts[2]<br><br>Plaintiffs' Proposal: Deadline for deposing all experts | | | |
| All *Daubert* motions filed on class certification experts[3] ("April 17 Dauberts") | Friday, December 20, 2019 | Friday, April 17, 2020 | Friday, April 17, 2020 |
| Close of expert discovery | Monday, February 3, 2020 | Friday, May 15, 2020 | Monday, April 6, 2020 |
| Defendants file class certification oppositions | Monday, February 10, 2020 | Friday, June 12, 2020 | Friday, June 12, 2020 |
| Current Schedule and Defendants' Proposal: All *Daubert* class certification oppositions filed<br><br>Plaintiffs' Proposal: April 17 *Daubert* oppositions filed | Monday, February 17, 2020 | Friday, June 19, 2020 | Friday, June 19, 2020 |
| Plaintiffs file class certification replies | Monday, March 16, 2020 | Friday, July 17, 2020 | Friday, July 17, 2020 |
| Current Schedule and Defendants' Proposal: *Daubert* class certification replies filed<br><br>Plaintiffs' Proposal: April 17 *Daubert* replies filed | Monday, March 23, 2020 | Friday, July 24, 2020 | Friday, July 24, 2020 |
| Class certification hearing | TBD | TBD | TBD |
| Deadline for filing Rule 56 motions | Tuesday, April 21, 2010 | Friday, August 14, 2020 | Friday, August 14, 2020 |
| Deadline for all other *Daubert* motions | TBD[4] | TBD[5] | Friday, August 14, 2020 |

---

[2] Each expert is to be deposed only one time.

[3] **Plaintiffs' Position**: If that expert has also provided a merits based opinion(s), the *Daubert* motion must include any challenge to that merits based opinion. **Defendants' Position**: A schedule for *Daubert* motions on merits-based expert opinions should be decided at a later date.

2

| Activity | Current Schedule (ECF No. 754, entered April 16, 2018) | Defendants' Proposal | Plaintiffs' Proposal |
|---|---|---|---|
| Deadline for filing oppositions to Rule 56 motions | Friday, June 12, 2020 | Friday, October 9, 2020 | Friday, October 9, 2020 |
| Deadline for filing oppositions to all other *Daubert* motions | TBD | TBD | Friday, October 9, 2020 |
| Deadline for filing Rule 56 replies | Tuesday, July 14, 2020 | Friday, November 13, 2020 | Friday, November 13, 2020 |
| Deadline for filing replies to all other *Daubert* motions | TBD | TBD | Friday, November 13, 2020 |
| Rule 56 hearing | TBD | TBD | TBD |
| Trial Date | TBD | TBD | Monday, March 1, 2021 |

---

[4] Current Schedule and Defendants' Proposal: The timing for merits-related *Daubert* motions will be decided at a later date.

[5] Current Schedule and Defendants' Proposal: The timing for merits-related *Daubert* motions will be decided at a later date.

3