

LISA J. RODRIGUEZ, NEW JERSEY MANAGING PARTNER
WOODLAND FALLS CORPORATE PARK
220 LAKE DRIVE EAST   SUITE 200   CHERRY HILL, NJ 08002-1165
856.482.5222   FAX 856.482.6980   schnader.com

Lisa J. Rodriguez
Direct Dial 856-482-5741
Direct Fax 856-482-2578
E-Mail: lrodriguez@schnader.com

February 12, 2019

**VIA ECF**

Honorable Douglas E. Arpert, U.S.M.J.
United States District Court District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 6000
Trenton, NJ 08608

      Re:    **BURLINGTON DRUG CO., INC. et al v. PFIZER INC. et al
Civil Action No. 3:12-cv-02389**

Dear Judge Arpert:

      I write on behalf of the end-payor plaintiffs in this antitrust action. On September 26, 2018, the Judicial Panel on Multidistrict Litigation ("JPML") transferred, to this Court, a class action filed in the Southern District of Florida which appears to be on behalf of a class of end-payors. *MSP Recovery Claims, Series, LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II LLC v. Pfizer Inc., et al.*, No. 18-cv-23767 (S.D. Fla. Sept. 13, 2018) ("MSP"). A copy of the Conditional Transfer Order from the JPML is attached as Exhibit A. The transferred complaint is now docketed at 18-cv-14414 (See ECF No. 1).

      Pursuant to paragraph 9 of Case Management Order No. 1 ("CMO 1") (ECF No. 109), "[a]ny new filings in, or transferred to, this Court that are related to the End-Payor Class Actions within the meaning of Local Civil Rule 40.1(c) shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for plaintiff(s) and defendant(s) in the newly filed action, and the objection is sustained by this Court." A copy of CMO 1 is attached as Exhibit B. No objections to the transfer of the MSP complaint were filed.

      Nonetheless, the transferred case has been proceeding under its own separate case number in this District. *See MSP Recovery Claims, Series, LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II LLC v. Pfizer Inc., et al.*, No. 18-cv-14414 (D.N.J.). On December 18, 2018, attorneys for the Ranbaxy defendant, filed on the *Lipitor* master docket, an application and proposed order for an extension of time to answer the MSP plaintiffs' complaint, but otherwise none of the MSP filings have appeared on the *Lipitor* master docket. It appears from the splinter

Honorable Douglas E. Arpert, U.S.M.J.
February 12, 2019
Page 2

MSP docket, No. 18-cv-14414, that defendants have moved to dismiss the MSP complaint, with oral argument scheduled in front of Judge Sheridan on April 15, 2019.

Interim co-lead counsel has been appointed to direct the end-payor litigation (*see* Ex. B) and end-payor plaintiffs here have already largely survived defendants' motions to dismiss. The MSP complaint should not be proceeding on a separate track. End-payor plaintiffs thus request a suspension of any further briefing of the motion to dismiss the transferred case, *MSP Recovery Claims, Series, LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II LLC v. Pfizer Inc., et al.*, 18-cv-14414 (D.N.J.), and request that the MSP case be transferred to the *Lipitor* master docket, No. 12-cv-2389. The operative end-payor class complaint is the Third Amended Complaint (ECF No. 815) and all proceedings with respect to the proposed end-payor class must be under the direction of interim co-lead counsel.

Thank you for your consideration of this matter. I am available to answer any questions the Court may have.

Respectfully yours,

*/s Lisa J. Rodriguez*
Lisa J. Rodriquez
Interim Liaison Counsel for the End-Payor Plaintiffs
For Schnader Harrison Segal & Lewis, LLP

LJR/mpw
Attachments

# EXHIBIT A

<div align="center">

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

</div>

**IN RE: LIPITOR ANTITRUST LITIGATION**                                   MDL No. 2332

<div align="center">

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO –7)**

</div>

On April 20, 2012, the Panel transferred 2 civil action(s) to the United States District Court for the District of New Jersey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 856 F.Supp.2d 1355 (J.P.M.L. 2012). Since that time, 18 additional action(s) have been transferred to the District of New Jersey. With the consent of that court, all such actions have been assigned to the Honorable Peter G. Sheridan.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of New Jersey and assigned to Judge Sheridan.

Pursuant to Rule 7.1 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the District of New Jersey for the reasons stated in the order of April 20, 2012, and, with the consent of that court, assigned to the Honorable Peter G. Sheridan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of New Jersey. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is pending at this time, the stay is lifted.

**Sep 26, 2018**

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
Deputy Clerk


# IN RE: LIPITOR ANTITRUST LITIGATION                             MDL No. 2332

## SCHEDULE CTO-7 – TAG-ALONG ACTIONS

| DIST | DIV. | C.A.NO. | CASE CAPTION |
|---|---|---|---|
| **FLORIDA SOUTHERN** | | | |
| FLS | 1 | 18-23767 | MSP Recovery Claims, Series LLC et al v. Pfizer Inc. et al |

**EXHIBIT B**

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 7 of 18 PageID: 16997
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 1 of 12 PageID: 1135
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 1 of 12 PageID: 1058

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LIPITOR ANTITRUST LITIGATION | MDL No. 2332 |
| This Document Relates To: ALL CASES | Master Docket No.: 3:12-cv-2389 (PGS/DEA) |

## CASE MANAGEMENT ORDER NO. 1
## CONSOLIDATING AND COORDINATING CASES

**WHEREAS,** certain direct and indirect purchaser actions have been initiated against Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Co., Warner-Lambert Co., LLC, Ranbaxy, Inc., and other defendants in connection with an alleged anticompetitive scheme to delay market entry of generic versions of Lipitor;

**WHEREAS,** on April 20, 2012, the U.S. Judicial Panel on Multidistrict Litigation (the "Panel") centralized and transferred before this Court four direct purchaser actions, which allege a similar anticompetitive scheme to delay market entry of generic Lipitor, for coordinated or consolidated pretrial proceedings. *See In re Lipitor Antitrust Litig.*, MDL No. 2332, 2012 U.S. Dist. LEXIS 55460 (J.P.M.L. April 20, 2012) (Dkt. No. 1);

**WHEREAS,** the Panel issued a Conditional Transfer Order dated May 1, 2012 ("Conditional Transfer Order No. 1"), which transferred additional direct and indirect purchaser class actions to this district as tag-along actions (Dkt. No. 3);

**WHEREAS,** on May 24, 2012, the Panel issued a second Conditional Transfer Order ("Conditional Transfer Order No. 2"), which transferred to this district an additional indirect purchaser class action as a tag-along action (Dkt. No. 26);

1

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 8 of 18 PageID: 16998
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 2 of 12 PageID: 1136
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 2 of 12 PageID: 1059

**WHEREAS**, on July 25, 2012, the Panel issued two more Conditional Transfer Orders ("Conditional Transfer Order No. 3" and "Conditional Transfer Order No. 4"), which transferred to this district two additional indirect purchaser class actions as tag-along actions (Dkt. Nos. 88, 89);

**WHEREAS**, additional "tag-along" actions and other related cases have been and may be filed in, removed to, or transferred to this Court for consolidation with this Litigation;

**WHEREAS**, as of the date of this Order the following direct and end-payor indirect purchaser cases are pending before this Court, identified as member cases: *Burlington Drug Co., Inc. v. Pfizer Inc. et al.*; Civ. Action No. 3:11-cv-6774 (PGS/DEA); *Value Drug Company v. Pfizer Inc. et al.*, Civ. Action No. 3:11-cv-6872 (PGS/DEA); *Professional Drug Company, Inc. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2417 (PGS/DEA); *Stephen L. LaFrance Holdings, Inc. et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2436 (PGS/DEA); *Briody et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2519 (PGS/DEA); *A.F.L.-A.G.C. Building Trades Welfare Plan et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2604 (PGS/DEA); *New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2608 (PGS/DEA); *Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund v. Pfizer, Inc. et al.*, Civ. Action No. 3:12-cv-2610 (PGS/DEA); *American Sales Company, Inc. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2611 (PGS/DEA); *Bakers Local 433 Health Fund et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2612 (PGS/DEA); *Gallagher et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2613 (PGS/DEA); *Southeast Laborers Health and Welfare Fund v. Pfizer, Inc. et al.*, Civ. Action No. 3:12-cv-2614 (PGS/DEA); *Allied Services Division Welfare Fund et al. v. Pfizer, Inc. et al.*, Civ. Action No. 3:12-cv-2615 (PGS/DEA); *Florida Laborers Health and Welfare Fund v. Pfizer Inc.*

Case 3:12-cv-02389-PGS-DEA Document 843 Filed 02/12/19 Page 9 of 18 PageID: 16999
Case 3:12-cv-02389-PGS-DEA Document 109 Filed 08/10/12 Page 3 of 12 PageID: 1137
Case 3:12-cv-02389-PGS-DEA Document 94-1 Filed 07/31/12 Page 3 of 12 PageID: 1060

*et al.*, Civ. Action No. 3:12-cv-2616 (PGS/DEA); *International Brotherhood of Electrical Workers Local 98 v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2640 (PGS/DEA); *Rochester Drug Co-Operative, Inc. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-2641 (PGS/DEA); *Helgren et al. v. Pfizer, Inc. et al.*, also described as *Cox et al. v. Pfizer, Inc., et al.*, Civ. Action No. 3:12-cv-2707 (PGS/DEA); *Laborers' International Union of North Local 17 Health and Benefit Fund v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-3155 (PGS/DEA); *Hirsch v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-3508 (PGS/DEA); *Simmons v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-4031 (PGS/DEA); *Walgreen Co. et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-4115 (PGS/DEA); *Central Regional Employees Benefit Fund et al. v. Pfizer, Inc. et al.*, Civ. Action No. 3:12-cv-4153 (PGS/DEA); *The Bergen Municipal Employee Benefits Fund v. Pfizer, Inc. et al.*, Civ. Action No. 3:12-cv-4154 (PGS/DEA); *Bricklayers and Masons' Local Union No. 5, Ohio Health & Welfare Fund v. Pfizer Inc., et al.*, Civ. Action No. 3:12-cv-4422 (PGS/DEA); *Louisiana Health Serv. Indemnity Co. v. Pfizer, Inc. et al.*, Civ. Action No. 3:12-cv-04654 (PGS/DEA); *Miller et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-04727 (PGS/DEA); and *Meijer, Inc. et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-04537 (PGS/DEA).

**WHEREAS**, this Court held a case management conference on July 9, 2012, during which the consolidation and coordination of the direct and indirect purchaser cases was discussed by the parties and the Court;

**WHEREAS**, this proposed Case Management Order pertains only to the cases brought by end-payor indirect purchasers (*i.e.*, the last persons in the chain of distribution who pay all or a portion of the purchase price of Lipitor prescriptions *not* for resale, such as consumers and third-party payors) and direct purchasers of Lipitor;

3

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 10 of 18 PageID: 17000
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 4 of 12 PageID: 1138
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 4 of 12 PageID: 1061

**NOW, THEREFORE,** for good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

### A. APPLICABILITY OF ORDER

1. Absent further order of the Court, the provisions of this Order shall govern the practice and procedure in the civil actions that were centralized in this Court by the Panel pursuant to its Order of April 20, 2012, as well as those actions subsequently transferred by the Panel by Orders of May 1 and 24, 2012 and those related actions initiated in this Court. These actions are identified above. This Order also applies to all "tag-along" actions and other related cases that may be filed in, removed to, or transferred to this Court for consolidation with this Litigation.

### B. CAPTION

2. All actions related to the Direct Purchaser Class Actions and/or the End-Payor Class Actions within the meaning of Local Civil Rule 40.1(c), whether or not yet filed, shall bear the following caption:

| IN RE LIPITOR ANTITRUST LITIGATION | MDL No. 2332 |
|---|---|
| THIS DOCUMENT RELATES TO: | Master Docket No.: 3:12-cv-2389 (PGS/DEA) |

3. When a pleading or other court paper filed is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable. The parties may indicate, for example, "All Direct Purchaser Class Actions" or "All End-Payor Class Actions" and give the appropriate case

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 11 of 18 PageID: 17001
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 5 of 12 PageID: 1139
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 5 of 12 PageID: 1062

number of the Lead Direct Purchaser Class Action or Lead End-Payor Class Action (as those terms are defined herein).

4. The docket sheet entry will reflect the fact that any particular filing relates to one or more, but less than all, of the plaintiffs. It is the obligation of counsel for the party undertaking such a filing to ensure that any orders entered pursuant to such a filing reflect this limitation.

### C. CONSOLIDATION AND COORDINATION FOR STATED PURPOSES

5. Federal Rule of Civil Procedure 42 states that if "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). All actions subject to this Order involve allegations by purchasers that stem from Defendants' allegedly unlawful scheme to illegally extend a purported monopoly for Lipitor.

6. Therefore, all Direct Purchaser Class Actions are hereby consolidated for all purposes, including trial. *Burlington Drug Co., Inc. v. Pfizer Inc., Warner-Lambert Co., and Ranbaxy, Inc.*, Civ. Action No. 3:11-cv-6774 (PGS/DEA) (D.N.J.), the first of the Direct Purchaser Class Actions filed in this Court, shall be designated the "Lead Direct Purchaser Class Action." All pleadings shall bear the caption above, note that they are related to "All Direct Purchaser Class Actions," and be filed in the 3:11-cv-6774 docket. A Lead Direct Purchaser Class Action file will be established for the Direct Purchaser Class Actions, and a docket shall be maintained for that file, which shall include all filings subsequently coordinated with the Lead Direct Purchaser Class Action.

7. Any new filings in, or transferred to, this Court that are related to the Direct Purchaser Class Actions within the meaning of Local Civil Rule 40.1(e) shall be deemed

5

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 12 of 18 PageID: 17002
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 6 of 12 PageID: 1140
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 6 of 12 PageID: 1063

consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) and defendant(s) in the newly filed action, and the objection is sustained by this Court.

8. All End-Payor Class Actions are hereby consolidated for pre-trial purposes. *Briody v. Pfizer Inc.*, Civ. Action No. 3:12-cv-2519 (PGS/DEA) (D.N.J.), the first of the End-Payor Class Actions filed in this Court, shall be designated the "Lead End-Payor Class Action." All pleadings shall bear the caption above, note that they are related to "All End-Payor Class Actions," and be filed in the 3:12-cv-2519 docket. A Lead End-Payor Class Action file will be established for the consolidated End-Payor Class Actions, and a docket shall be maintained for that file which shall include all filings hereby or subsequently consolidated with the Lead End-Payor Class Action.

9. Any new filings in, or transferred to, this Court that are related to the End-Payor Class Actions within the meaning of Local Civil Rule 40.1(c) shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) and defendant(s) in the newly filed action, and the objection is sustained by this Court.

10. Although the Direct Purchaser Class Actions and the End-Payor Class Actions will not themselves be consolidated with each other, pre-trial proceedings and discovery between the two consolidated actions will be coordinated to the extent practicable.

11. Any Individual Direct Purchaser Action (related to the Direct Purchaser Class Actions within the meaning of Local Civil Rule 40.1(c)), including *Walgreen Co. et al. v. Pfizer Inc. et al.*, Civ. Action No. 3:12-cv-4115 (PGS/DEA) and *Meijer, Inc. et al. v. Pfizer Inc. et al.*, 3:12-cv-04537 (PGS/DEA), shall be coordinated with the Direct Purchaser Class Actions for purposes of discovery, other pre-trial proceedings, and trial. The Court may issue additional orders regarding coordination if other non-class cases are filed in this Court. Nothing in that

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 13 of 18 PageID: 17003
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 7 of 12 PageID: 1141
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 7 of 12 PageID: 1064

coordination, however, shall subject the plaintiff(s) in the Individual Direct Purchaser Action (or any subsequently filed Individual Direct Purchaser Actions) to the leadership structure for the Direct Purchaser Class Actions.

12. Any Individual End-Payor Action (related to the End-Payor Class Actions within the meaning of Local Civil Rule 40.1(c)) shall be coordinated with the End-Payor Class Actions for purposes of discovery and other pre-trial proceedings. The Court may issue additional orders regarding coordination if non-class cases are filed in this Court. Nothing in that coordination, however, shall subject the plaintiff(s) in any Individual End-Payor Action that may be subsequently filed to the leadership structure of the End-Payor Class Actions.

13. The Direct Purchaser Class Actions and the End-Payor Class Actions shall each file separate consolidated amended complaints. The Direct Purchaser Class Actions and the End-Payor Class Actions shall file their respective complaints thirty (30) days after the entry of this Order.

14. Defendants shall answer, plead, or otherwise respond to Plaintiffs' complaints no later than forty-five (45) from the date of filing of Plaintiffs' consolidated amended complaints.

15. Plaintiffs shall file any opposition to motions to dismiss Plaintiffs' complaint no later than forty-five (45) from the filing of Defendants' motions to dismiss.

16. Defendants shall file any reply to an opposition to motions to dismiss Plaintiffs' complaint no later than thirty (30) days from the filing of Plaintiffs' oppositions.

17. Defendants' motion to stay discovery pending resolution of motions to dismiss shall be filed within fourteen (14) days of the entry of this Order.

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 14 of 18 PageID: 17004
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 8 of 12 PageID: 1142
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 8 of 12 PageID: 1065

18.     Plaintiffs shall file any opposition to a motion to stay discovery pending resolution of motions to dismiss no later than fourteen (14) from the filing of Defendants' motion to stay discovery.

### D.     DIRECT PURCHASER CLASS ACTION ORGANIZATION

19.     Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Interim Lead Class Counsel for the proposed class of direct purchasers:

> Garwin Gerstein & Fisher, LLP
> Bruce E. Gerstein
> Joseph Opper
> 1501 Broadway, Suite 1416
> New York, NY 10036
> (212) 398-0055
>
> Hagens Berman Sobol Shapiro LLP
> Thomas M. Sobol
> Kristen Johnson Parker
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142
> (617) 482-370
>
> Berger & Montague, P.C.
> Eric L. Cramer
> David F. Sorensen
> 1622 Locust Street
> Philadelphia, PA 19103-6305
> (215) 875-3000

20.     Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Co-Interim Liaison Counsel for the proposed class of direct purchasers:

> Cohn Lifland Pearlman Herrmann & Knopf LLP
> Peter S. Pearlman
> Park 80 Plaza West-One
> 250 Pehle Avenue, Suite 401
> Saddle Brook, NJ 07663
> (201) 845-9600

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 15 of 18 PageID: 17005
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 9 of 12 PageID: 1143
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 9 of 12 PageID: 1066

Carella, Byrne, Cecchi, Olstein, Brody, & Agnello, P.C.
James Cecchi
5 Becker Farm Road
Roseland, NJ 07068-1739
(973) 994-1700

21. Interim Lead Class Counsel shall have sole authority over the following matters on behalf of the proposed class and all plaintiffs in the Direct Purchaser Class Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as Interim Lead Class Counsel may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) communications with counsel in related actions and with counsel for Defendants; (h) the timing and substance of any settlement negotiations with Defendants, and decisions regarding acceptance of settlement proposals; (i) the allocation of any Court awarded fees and costs among counsel in the Direct Purchaser Class Actions; and (j) any and all other matters concerning the prosecution or resolution of the Direct Purchaser Class Actions.

22. Only Interim Lead Class Counsel may initiate or authorize the filing of any motions in the Direct Purchaser Class Actions.

23. Interim Lead Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all plaintiffs in the Direct Purchaser Class Actions. Defendants' counsel may rely on all agreements made only with Interim Lead Class Counsel and such agreements shall be binding on all counsel in the Direct Purchaser Class Actions.

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 16 of 18 PageID: 17006
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 10 of 12 PageID: 1144
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 10 of 12 PageID: 1067

24. Interim Lead Class Counsel shall work together to ensure that all work necessary to prosecute this action is allocated based on the skills and abilities of counsel representing the direct purchaser class, and that such decisions shall not be made on the basis of whether a firm is, or is not, co-lead counsel.

25. All plaintiffs' counsel in the Direct Purchaser Class Actions must keep contemporaneous time and expense records and submit them periodically to Interim Lead Class Counsel or their designee.

### E.  END-PAYOR CLASS ACTION ORGANIZATION

26. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following as Interim Co-Lead Counsel for the proposed class of end-payors:

| | |
|---|---|
| Michael M. Buchman<br>Pomerantz Haudek Grossman & Gross LLP<br>100 Park Avenue, 26th Floor<br>New York, New York 10017<br>Telephone: (212) 661-1100<br>Fax: (212) 661-8665 | Vincent J. Esades<br>Heins Mills & Olson, P.L.C.<br>310 Clifton Avenue<br>Minneapolis, MN 55403<br>Telephone: (612) 338-4605<br>Fax: (612) 338-4692 |
| J. Douglas Richards<br>Cohen Milstein Sellers & Toll, PLLC<br>88 Pine Street, 14th Floor<br>New York, New York 10005<br>Telephone: (212) 838-7797<br>Fax: (212) 838-7745 | Kenneth A. Wexler<br>Wexler Wallace LLP<br>55 W. Monroe Street, Suite 3300<br>Chicago, IL 60603<br>Telephone: (312) 346-2222<br>Fax: (312) 346-0022 |

27. James R. Dugan, of the The Dugan Law Firm, LLC, may submit timely motions requesting that the Court: 1) disqualify Mr. Richards from serving as an Interim Co-Lead Counsel; and 2) name Mr. Dugan as an additional Interim Co-Lead Counsel.

Case 3:12-cv-02389-PGS-DEA   Document 843   Filed 02/12/19   Page 17 of 18 PageID: 17007
Case 3:12-cv-02389-PGS-DEA   Document 109   Filed 08/10/12   Page 11 of 12 PageID: 1145
Case 3:12-cv-02389-PGS-DEA   Document 94-1   Filed 07/31/12   Page 11 of 12 PageID: 1068

28. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following as Interim Liaison Counsel for the proposed class of end-payors:

> Lisa Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 258 Kings Highway East
> Haddonfield, NJ 08033
> Telephone: (856) 795-9002
> Fax: (856) 795-9887

29. In addition to the four Co-Lead firms, there will be an Executive Committee which, in consultation with and at the direction of Co-Lead Counsel, will have significant and meaningful participation in the prosecution of the End-Payor Class Actions. Such participation will include member firms being assigned to specific tasks or subcommittee responsibilities, as well as the commitment to fund the litigation pursuant to assessments by Co-Lead Counsel as necessary for the successful and efficient prosecution of the litigation. The Executive Committee will consist of Jayne Goldstein (Shepherd, Finkelman, Miller & Shah, LLP), Gerard Stranch (Branstetter, Stranch & Jennings, PLLC), James R. Dugan (The Dugan Law Firm, LLC), Judy Scolnick (SCOTT+SCOTT LLP), Lawrence Papale (Law Office of Lawrence G. Papale) (California issues), and Joseph Sauder (Chimicles & Tikellis LLP).

30. Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of plaintiffs in the End-Payor Class Actions: (a) convening meetings of counsel; (b) the initiation, authorization, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) the collection on a periodic basis of contemporaneously-kept time and expense reports from all plaintiffs' counsel; (f) the retention of experts; (g) the designation of which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations and/or

11

settlement with defendants, and any decisions regarding the acceptance of settlement proposals; (i) the allocation of fees and costs among counsel in the End-Payor Class Actions, if any are awarded by the Court; and (j) any and all other matters concerning the prosecution or resolution of the End-Payor Class Actions.

31. Interim Co-Lead Counsel shall have sole authority to communicate with defendants' counsel, counsel in related actions, and the Court on behalf of all plaintiffs in the End-Payor Class Actions. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel and such agreements shall be binding on all counsel in the End-Payor Class Actions.

32. All plaintiffs' counsel in the End-Payor Class Actions must keep contemporaneous time and expense records and submit them periodically to Interim Co-Lead counsel or their designee.

33. Any indirect reseller shall file a motion to remand by Monday, August 13, 2012.

34. Per the Court's request, Mr. Pearlman submitted a list of the cases transferred from the Judicial Panel on Multidistrict Litigation, and subdivided the cases into four separate categories (document 107). As new cases may be assigned, Mr. Pearlman shall notify the Clerk's Office on notice to the other parties as to the correct category for each newly assigned case.

IT IS SO ORDERED.

Dated: 8/10/12

_____