# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**IN RE**

**LIPITOR ANTITRUST LITIGATION**

Civil Action No.:
3:12-cv-2389-PGS-DEA

**MEMORANDUM AND ORDER**

This case is before the Court on appeal of discovery orders issued by Hon. Douglas E. Arpert, U.S.M.J. on June 23, 2022 (ECF No. 1085) and August 15, 2022 (ECF No. 1107). (ECF No. 1114, 1115).  The Court declines oral argument pursuant to Local Rule 78.1. (L.Civ.R. 78.1).

On March 2, 2020, the parties were Ordered to participate in mediation. ECF No. 943. On March 12, 2020, the case was referred to the Honorable Faith Hochberg, U.S.D.J. (Ret.) for mediation and discovery was stayed. ECF No. 948. The parties participated in a two-year mediation process, during which five major issues were briefed and argued, including class certification and causation. ECF No. 1120 at 10. Discovery remained stayed as the Mediator determined the parties had sufficient information to mediate substantively and completely. No. 1120 at 10.

During a December 7, 2021 status conference, the Court lifted the stay and directed the parties to continue discovery pursuant to the specific issues of causation and class certification and other issues as it would benefit the mediation process to resume a targeted approach in an effort to bring motions to the court's attention at a faster pace and narrow the scope of issues remaining. ECF No. 1070. The matter was directed to Judge Arpert to use his discretion to enter a schedule order. *Id*.

Beginning in January of 2022, parties submitted their proposals regarding a targeted discovery approach, with defendants suggesting the remaining issues are causation and class certification. ECF No. 1067; ECF No. 1068.; ECF No. 1072. Plaintiffs have maintained a position against limiting discovery. ECF No. 1066.

Having received and considered the parties proposals, Judge Arpert entered the June 23, 2022 Order. The Order at issue limited discovery to issues of causation and class certification; set dates related to discovery on the issue of causation (service dates for expert disclosures and reports by all parties); set dates related to discovery on the issue of class certification (deposition deadlines as well as service dates for expert disclosures and reports by all parties); and filing deadlines for motions for summary judgment and class certification. ECF 1085.

The August 15, 2022 Order addressed a request raised by the proposed class of Direct Purchaser Plaintiffs, the proposed class of End Payor Plaintiffs, and the

Retailer Plaintiffs (ECF No 1093) to extend the deadline for discovery by five (5) months on the issue of causation in light of voluminous discovery received from defendant Ranbaxy. ECF No. 1107. Judge Arpert considered the request and opposition by defendants (ECF No 1093) and granted a ninety (90) day extension of the deadlines set forth in the June 23, 2022 Order. ECF No. 1107.

On September 1, 2022, Direct Purchaser Class Plaintiffs and Retailer Plaintiffs ("Plaintiffs") submitted an appeal of the June 23, 2022 Scheduling Order. Plaintiffs argue the limitation on discovery deprives them of their right to develop the record. Plaintiffs present the deadlines to complete discovery (all of which were extended by 90-days per the August 15, 2022 order) provides insufficient time to allow time for further inquiry into: (a) Ranbaxy (beyond FDA approval), (b) causation or (c) class certification; denies ability to respond to dispositive motions; leaves their experts unprepared (arguing completion of expert discovery is crucial to class certification motions and experts rely on causation theories and evidence) and creates further delays. ECF No. 1085; ECF No. 1114. Plaintiffs request discovery to resume similarly to the previously entered Further Amended Scheduling Orders at ECF Nos. 899 and 902, with an extension of the timeframes. ECF No. 1114.

On September 2, 2022, End-Payor Plaintiffs ("EPP") submitted an appeal of the August 15, 2022 Order joining Plaintiffs' request to lift the discovery stay but

writing separately to request the Court sever and stay EPPs' class certification-related proceedings. ECF No. 1115. EPP argue their request for class certification will likely be impacted by the pending appeal before the Third Circuit, *In re Niaspan Antitrust Litigation*, No. 21-2895 and seek to extend discovery to account for time for the decision to be rendered.

### A. Appeals of Magistrate Judge Decisions

In federal litigation, magistrate judges have the authority to handle non-dispositive matters, 28 U.S.C. § 636(b)(1)(A); Fed R. Civ. P. 72(a), including discovery disputes. A party may appeal a magistrate judge's decision regarding a non-dispositive issue to the district judge. Fed R. Civ. P. 72(a). Litigants are only entitled to appeal a magistrate judge's decision until fourteen days after the decision, Fed. R. Civ. P. 72(a)(2), but a district court has discretion to consider the merits thereafter. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (3d ed. 2014).

Generally, a district court judge may only "reconsider" a magistrate judge's decision on a non-dispositive issue "where it has been shown that the magistrate's . . . order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A ruling is clearly erroneous where, although there is evidence to support it, the district court upon review of the entire evidence is left with the 'definite and firm conviction that a mistake has been committed.'" *Essex Chem. Corp. v. Hartford*

*Accident & Indem. Co.*, 933 F. Supp. 241, 245 (D.N.J. 1998) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

However, decisions adjudicating discovery disputes are reviewed for "abuse of discretion." *Anjelino v. New York Times Co.*, 200 F.3d 173, 88 (3d Cir. 1999); *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022); 12 Wright, *et al.*, Federal Practice and Procedure: Civil 2d § 3069. "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007). More specifically, an abuse of discretion is a decision "based upon an incorrect legal standard or clearly erroneous factual findings." *Id.* Compared to the "clearly erroneous" standard, the "abuse of discretion" standard is considered "even more deferential." *Koninklijke Philips Elecs. N.V. v. Hunt Control Sys.*, 2014 WL 5798109, at *2 (D.N.J. Nov. 7, 2014).

## B.  Analysis

First, the Court notes the appeals to Judge Arpert's Orders dated June 23, 2022 and August 15, 2022 were filed beyond fourteen (14) days after the electronic service of the Orders and can be denied as untimely. Fed. R. Civ. P. 72(a); L.Civ.R 72.1(c)(1)(A). However, in light of the magnitude of this litigation denial is not a reasonable course. The Court, in its discretion, reviews the appeals as follows.

The plaintiffs' primary argument regarding prejudice related to the June 23, 2022 Order presents a lack of time and restraint (narrowing to causation and class certification) which impairs their ability to further the develop the record and prepare to address dispositive motions. ECF 1114-2 at 2. The plaintiffs argue establishing their "no payment settlement" causation with expert opinions is unlikely in eight weeks. ECF 1114-2 at 25. Further, the plaintiffs argue defendants have not produced complete transaction data or documents related to class certification. *Id*.

Magistrate Judges retain broad discretion to manage their docket and decide discovery issues. *Gerald Chamales Corp. v. Oki Data Americas, Inc*., 247 F.R.D. 453, 454 (D.N.J. 2007). "Particularly in discovery motions, a Magistrate Judge's Order is entitled to great deference in this District, since the Magistrate Judges have full authority to manage the civil cases and to determine all such matters of discovery and case management." *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc*., 830 F. Supp. 1525, 1546 (D.N.J. 1993), aff'd in part, rev'd in part on other grounds, 50 F.3d 1239 (3d Cir. 1995). Deference is proper given the knowledge of the proceedings and case history gained when the Magistrate Judge has been managing the matter from the outset. *Id.* at 1547. "we will not upset a district court's conduct of discovery procedures absent 'a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a

showing is proof that more diligent discovery was impossible.'". *In re Fine Paper Antitrust Litig*., 685 F.2d 810, 817 (3d Cir. 1982) (quoting *Eli Lilly & Co. v. Generix Drug Sales, Inc*., 460 F.2d 1096, 1105 (5th Cir. 1972)).

Here, the plaintiffs have not established that obtaining the necessary discovery is impossible. It is within Judge Arpert's discretion to manage discovery. Judge Arpert has been the Magistrate Judge managing this case since 2012 and has thus developed significant knowledge to make proper deadlines in deference to the needs of the parties and judicial economy. Judge Arpert has broad discretion to manage discovery issues related to this matter. Additionally, the defendants stipulate in their opposition papers that discovery sought by the plaintiffs, relevant to class certification and regulatory causation, has been produced. ("Ranbaxy produced over 90,000 documents…Pfizer produced 1.7 million documents") ECF 1120 at 9. Further, Defendants' maintain document productions on regulatory-based causation issues were complete on July 22, 2022. ECF 1120 at 15. This indicates the plaintiffs have already had significant time to review discovery and narrow their approach for any further fact and expert discovery in addition to the nearly three months since the June 23, 2022 Order.

As to the August 15, 2022 Order, EPP argues class action discovery cannot proceed as a pending case may impact discovery to be sought to satisfy the ascertainability standard and would thus be inefficient to proceed. EPP is therefore

asking for a discovery stay pursuant to its forecast that the appeal will render an outcome that will substantially alter the class certification standard and impact discovery.

Federal Rule of Civil Procedure 26(c) proves that the court may stay discovery only on a showing of "good cause" by the party requesting the stay. *see Gerald Chamales Corp. v. Oki Data Americas, Inc*., 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("A protective order pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good cause' is shown."); Fed. R. Civ. P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"). Further, a movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to [someone] else." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).

Here, EPP is asking to rely on their prediction that they will need to change their discovery plan stemming from a pending appeal. Such a stay will create further delays impacting defendants and judicial economy.  The Court therefore does not consider this a sufficient claim for hardship or inequity.  Sure a change in law may require further discovery in certain instances. Such a request is more appropriate at a time where the scope and limits can be determined.

.

## ORDER

**THIS MATTER** having come before the Court on Motions to Appeal the

Magistrate Judge's Orders, (ECF Nos. 1114 and 1115); and the Court having

carefully reviewed and taken into consideration the submissions of the parties, as

well as the arguments and exhibits therein presented; and for good cause shown;

and for all of the foregoing reasons,

**IT IS** on this 29th day of September, 2022,

**ORDERED** that Plaintiff's Motion to Appeal the Magistrate Judge's

Orders, (ECF No. 1114) is **DENIED;**

**ORDERED** that Plaintiff's Motion to Appeal the Magistrate Judge's

Orders, (ECF No. 1115) is **DENIED.**

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.