UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE: LIPITOR ANTITRUST LITIGATION | : : : : : | Civil Action No. 12-2389 (PGS)(DEA)<br><br>**ORDER** |

This matter is before the Court on an application by Defendants Pfizer Inc., Pfizer Manufacturing Ireland, Warner-Lambert Company, and Warner-Lambert Company LLC (collectively, "Pfizer") to compel discovery from third-party and absent class member Cardinal Health, Inc. ("Cardinal Health"). ECF No. 1142. Pfizer asks this Court to compel Cardinal Health to respond to a single document request and produce its "Wholesaler Agreements" with generic manufacturers Sandoz, Major Pharmaceuticals, and Mylan for the period November 30, 2011 through December 31, 2014. Cardinal Health opposes the application. For the reasons below, Pfizer's application is granted.

As relevant to the instant application, on July 20, 2022, Pfizer served Cardinal with a Rule 45 subpoena seeking the production of documents. *Id.* at Ex. 1. According to Pfizer, Cardinal Health initially objected to making any responsive production, and Pfizer (without waiving its right to seek complete responses later in the litigation) ultimately narrowed its requests from 31 Requests for Production ("RFP") to 2. Specifically, Pfizer narrowed its requests to RFP Nos. 1 and 3, seeking: (i) Cardinal Health's transactional purchase data for purchases of generic atorvastatin from generic manufacturers other than Ranbaxy (RFP No. 1); and (ii) wholesale distribution agreements governing purchases of atorvastatin between November 30, 2011 and December 31, 2014 that provide for payments to Cardinal offsetting prices Cardinal pays to manufacturers for purchases of pharmaceutical products (the "Wholesaler Agreements")

(RFP No. 3). Pfizer further narrowed RFP No. 3 to three generic manufacturers--Sandoz, Major Pharmaceuticals, and Mylan--or in the alternative, transactional administrative fee data for the period November 30, 2011 through December 31, 2014. Cardinal Health produced responses for RFP No. 1 but continues to object to RFP No. 3.

It is well established that the scope of discovery in federal litigation is broad. Fed R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.*; *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). This discovery must also be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the district court. *Barnes Found. v. Twp. of Lower Merion et al.*, Civ. No. 96-372, 1996 WL 653114, at *1 (E.D. Pa. 1996).

While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

"The scope of discovery provided for under Rule 26 applies to discovery sought via a Rule 45 subpoena on a non-party." *Housemaster SPV LLC, v. Burke*, No. 21-13411, 2022 WL

17904254, at *6 (D.N.J. Dec. 23, 2022). "Rule 45 bestows broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (quotation marks omitted).

  In support of its application, Pfizer contends that the Wholesaler Agreements are relevant to the "class certification analysis given that the terms by which Cardinal makes atorvastatin purchases from manufacturers bear on the existence, nature, duration, and extent to which Cardinal--one of the 'Big 3' pharmaceutical wholesalers--was injured by the alleged conduct, and are thus relevant, for instance, to determine whether individualized inquiries will predominate over common ones." ECF No. 1142 at 2. Pfizer states that these Wholesaler Agreements govern purchases Cardinal Health makes from pharmaceutical manufacturers, and specifically provide for various monetary incentives to offset the price Cardinal pays to purchase Lipitor and generic atorvastatin for resale. Pfizer maintains that the "financial flows" that Pfizer believes are governed by the Wholesaler Agreements "are essential to fully dissect the economic incentives Cardinal [Health] faces when it comes to higher list prices for brand and generic products, especially as compared to economic incentives of other potential class members." *Id.* at 5. Pfizer argues that, therefore, "whether individualized issues will predominate over common ones for the purposes of certifying a Direct Purchaser class in this litigation greatly depends on understanding the composition of the class and the (vastly differing) economic incentives for each Direct Purchaser class member, particularly as it relates to whether class members are wholesaler distributors or pharmacies, and purchasing from brand manufacturers or generic manufacturers." *Id.*

Pfizer further argues that its discovery request is made in good faith and without any intent to harass, and it is not unduly burdensome. Finally, Pfizer states that the agreements sought are not available from the putative class's representatives, as none were party to the agreements sought.

Cardinal Health opposes Pfizer's application on several grounds. *See* ECF No. 1148. First, it contends the application is untimely. The June 23 Scheduling Order required that unresolved discovery or case management disputes "be brought to the Court's attention promptly by a joint letter" to the Court. ECF No. 1085. Pfizer filed its initial letter application with the court on December 9, 2022. Cardinal Health argues that the application is untimely because Pfizer failed to "promptly" bring this dispute to the Court's attention and failed to seek relief or leave to file a motion to compel before the close of discovery on November 25, 2022.

Second, Cardinal Health points to the Court's June 23 Scheduling Order, which permitted the parties to "engage in discovery limited to the issues of causation and class certification." ECF No. 1085 at 1. Cardinal Health contends that Pfizer's subpoena violates the Court's stay on broader discovery and are contrary to the representations Pfizer made to this Court that lifting the broader discovery stay would be counterproductive.

Third, Cardinal Health argues that Pfizer has not established that the information sought is relevant to the issue of class certification. Cardinal asserts that Pfizer is instead seeking the Wholesaler Agreements in order to calculate damages, which is not relevant at the class certification stage. According to Cardinal, monetary incentives go to the amount of damages and are not relevant to the predominance test. Cardinal Health also contends that "individual issues [related to class certification] are not created simply because class members have varying sizes of purchases and claims." ECF No. 1085 at 6.

Finally, Cardinal Health contends that the fact that it is "a large, sophisticated organization represented by competent counsel," as pointed out by Pfizer, does not justify the discovery Pfizer seeks.

In reply, Pfizer reiterates that Cardinal Health's high purchasing volume underscores the relevance of these agreements to the class certification inquiry as Cardinal's purchases bear on a key question under Rule 23, specifically, whether individualized inquiries predominate over common, class-wide inquiries. It contends that the fact that Cardinal purchased more extensively than other putative class members means that the incentives it enjoys through its individually-negotiated Wholesaler Agreements carry much more weight as compared with other smaller, independent wholesaler or direct purchasing-pharmacy class members.

Pfizer maintains that the Wholesaler Agreements are germane to Rule 23 inquiries, and notes that it has never stated that the Wholesaler Agreements are instead to be used to calculate damages. Pfizer argues that given the broad relevance standard set forth by Rule 26, it is entitled to the requested discovery at this stage.

As to timeliness, Pfizer argues that the timing of its motion is justified and that Cardinal Health has not shown it has been prejudiced by Pfizer's request for relief. Pfizer points out that it did not wait until the close of discovery to raise with Cardinal Health the alleged deficiencies in its subpoena response. Rather, prior to the close of fact discovery, the parties engaged in several substantive meet and confers and exchanged extensive correspondence. It was only after these efforts proved unsuccessful that Pfizer brought the present dispute to the Court.

Turning first to relevance, the Court notes that relevance is construed broadly at the discovery stage. *SEC v. Princeton Alternative Funding, LLC*, No. 21-12971, 2022 WL 17553306, at *4 (D.N.J. Dec. 9, 2022); *see also Black-Meadows v. Deptford Twp.*, No. 20-6951,

2022 WL 16695191, at *2 (D.N.J. Nov. 3, 2022) ("Federal Civil Procedure Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage.")  Given this broad standard, the Court agrees with Pfizer that the discovery sought is relevant to the issues around class certification, and, in particular, whether individualized inquiries will predominate over common ones.

The "party moving to compel bears the initial burden of showing the relevance of the requested information," and once that showing is made the "burden then shifts to the party resisting discovery to justify withholding it." *Lloyd-Jones v. Connolly*, No. 20-912, 2022 WL 3572837, at *5 (D.N.J. Aug. 19, 2022). The Court finds Cardinal Health has not established that this relevant information should be withheld. Contrary to Cardinal Health's assertions, Pfizer's discovery request is not at odds with any prior Order of this court. Nor does the Court find the instant application to be untimely. Given the considerable efforts undertaken by the parties to resolve the issue before bringing it to the Court, the timing of Pfizer's application is justified. Moreover, to the extent that Pfizer's application came shortly after the close of discovery, there has been no prejudice to Cardinal Health by this short delay.

In sum, the Court finds the discovery sought by Pfizer is relevant and not burdensome, and Pfizer's application to compel this discovery is timely. Accordingly,

**IT IS** on this 30th day of December 2022

**ORDERED** that Pfizer's application to compel discovery is granted; and it is further

**ORDERED** that Cardinal Health is to provide a full and complete response to RFP No. 3 not later than 14 days from the entry of this Order.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge
