## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE**<br><br>**LIPITOR ANTITRUST LITIGATION** | Master Docket No.: 3:12-cv-2389 (PGS/DEA)<br><br>**MEMORANDUM AND ORDER DENYING MOTION FOR SUGGESTION OF REMAND (ECF No. 1129)** |

This matter is before the Court on a Motion for Suggestion of Remand to the Northern District of California filed by Sandra Hellgren and Anita Cox (collectively Hellgren and Cox) (ECF No. 1129). Oral argument was heard on January 24, 2023.

### I.

Authority to remand to the transferor court rests with the Judicial Panel on Multidistrict Litigation ("JPML") until the conclusion of summary judgment proceedings. 28 U.S.C. § 1407(a); *See Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998). Despite same, this Court may suggest to the JPML the remand of a case. Rule 10.1(b)(i) of Rules of the Judicial Panel on Multidistrict Litigation. Rule 10.1(b), R.P.J.P.M.L; *Hamer v. Livanova Deutschland Gmbh*, 994 F. 3d 173, (3d Cir. 2021) (citing, *In re Integrated Res, Inc. Real Est. Ltd. Partnership Sec Litig.*, 851 F. Supp 556, 562 (S.D.N.Y. 1994). "When considering whether to remand a

1

matter back to the transferor court, the transferee District Court is guided by the same standards employed by the Panel." *In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663, 2009 WL 580238, at *3 (D.N.J. Mar. 3, 2009). The burden is on the party seeking remand prior to completion of pretrial proceedings to establish good cause for remand. *Id.* at *2-3 (D.N.J. Mar. 3, 2009) (internal quotes omitted).

"In determining whether to remand a matter to the transferor court, the Panel generally considers 'whether the case will benefit from further coordinated proceedings as part of the MDL.'" *Id.* (*quoting In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.* 128 F.Supp.2d 1196, 1197 (S.D.Ind.2001)). "The Panel may exercise its discretion to remand 'when everything that remains to be done is case-specific.'" *Id.* (quoting *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)). Similarly, a transferee court may appropriately suggest remand when determined that its "role in the case has ended." *Id.* (quoting *In re Integrated Res, Inc. Real Est. Ltd. Partnership Sec Litig.*, 851 F. Supp 556, 562 (S.D.N.Y. 1994)).

The question before the Court is whether Hellgren and Cox have demonstrated that everything that remains is case-specific, thereby suggesting remand is appropriate. *Hamer v. Livanova Deutschland Gmbh*, 994 F. 3d 173, (3d Cir. 2021) (citing, *In re Integrated Res, Inc. Real Est. Ltd. Partnership Sec Litig.*, 851 F. Supp 556, 562 (S.D.N.Y. 1994).

2

Applying the above standard, the motion is denied for the following reasons:

1)      Lawrence Papale is an attorney representing Hellgren and Cox.  He was appointed by me on the recommendation of other similar plaintiffs to be co-lead counsel for the end-payors class.  (ECF No. 94-1 at p.10 ¶26). Co-lead counsel assists in mapping out the strategy of the end-payors, which is an important and essential job. *Id.* at p.10, ¶29. Presently Mr. Papale, through this motion, is attempting to abandon those responsibilities. During oral argument, Mr. Alioto discounted Papale's role noting "that participation didn't amount to any real ability to be able to do anything . . ." (T. 7, 1-6).  Despite Mr. Alioto's claim, abandoning the committee process at this juncture of the litigation leaves the remaining end-payors at a significant disadvantage.

2)      Mr. Alioto views the Hellgren and Cox case as different from the other cases.  To the contrary, Hellgren and Cox have common questions of fact with the other cases.  Ms. Rodriguez argued:

> . . . the common question is the question of the reverse payment claims, and that's simply that Pfizer and Ranbaxy entered into an illegal agreement to delay the generic version of Lipitor into the U.S. market after the expiration of the patent for Lipitor.  (T. 10, 4-8).

The district court's ultimate goal in multidistrict litigation is to coordinate discovery of mutual issues as Ms. Rodriguez states.  28 U.S.C.S. § 1407(a).  It is of

little value for Hellgren and Cox to abandon the class at this time, and to undo the efficiency gained.

3)      Mr. Alioto apparently concedes there are common questions of fact because he predicts that the Hellgren and Cox case will be a "test case" on the merits of the cases. (ECF No. 1144, Hellgren and Cox reply, at 4).  To be a "test case" ordinarily the same facts must be in controversy.  As such, my take-away is that Mr. Alioto considers all of the cases to have the same core facts.

4)      Some of Mr. Alioto's arguments are old hat.  This matter was transferred here a decade ago. Since that time, Mr. Alioto continually purports that causation may be solely based on a quote from Mr. Hank McKinnell (former CEO and Chairman of Pfizer) in a book titled "A Call to Action. " McKinnell acknowledges that generic drug manufacturers were eagerly awaiting the expiration date of Pfizer's Lipitor patent with a "red circle around June 28, 2011," and anticipated that the entry of generic Lipitor would cause a loss of up to 90% of Pfizer's $13 billion market share within the first year of the release of the generic. (ECF No. 313 at p. 3).  As such, Alioto argues that not much discovery is needed, and each class action should be transferred back to the transferor court. That contention was denied a decade ago, and it is denied again here.   Causation in a reverse payment antitrust case cannot be boiled down to a simple quote from a book.

5)     While the Court recognizes that causation discovery is almost closed,

coordinated activity is not finished.  There are certain depositions that must be

conducted.   Notably, Hellgren and Cox admit in their reply the following

depositions are pending:

> As recently as January of this year [2022], Plaintiffs sought the
> following depositions: 30(b)6 Deposition of Defendant Pfizer, 30(b)6
> Deposition of Defendant Ranbaxy, Deposition of Hank McKinnell,
> former CEO of Defendant Pfizer, Deposition of Jeffrey Kindler,
> former CEO of Defendant Pfizer, Deposition of Malvinder Mohan
> Sing, former CEO of Defendant Ranbaxy (signed the Pfizer/Ranbaxy
> Settlement and License Agreement), Deposition of Peter Richardson,
> former Assistant Secretary of Defendant Pfizer (signed the
> Pfizer/Ranbaxy Settlement and License Agreement), and the Person
> who was General Counsel of Pfizer as of June 8, 2008.
> (ECF No. 1145 n.1, p. 4-5).

6)     Mr. Alioto argues that the Hellgren and Cox case is different from

other end-payor cases because it is not alleging a *Walker Process* claim as are

others including City of Baltimore and City of Providence. (ECF No. 1129-1 at 5-

8). This argument fails because Hellgren and Cox still have common questions of

fact (see reasons 2, 3, 4).

7)     Over a year ago, we re-opened discovery on causation, and agreed

that once it was completed, several motions would be filed while mediation

continued.  Mr. Alioto has not presented any arguments why this procedure should

not continue, or is not in the best interest of all parties.

In conclusion, Hellgren and Cox have failed to show "good cause" for suggestion of remand.

## **<u>ORDER</u>**

**THIS MATTER** having come before the Court on Hellgren and Cox's Motion for Remand (ECF No. 1129); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all the foregoing reasons,

**IT IS** on this 14th day of February, 2023,

**ORDERED** that Hellgren and Cox's Motion for Remand (ECF No. 1129) is hereby **DENIED**.

PETER G. SHERIDAN, U.S.D.J.