# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE**<br><br>**LIPITOR ANTITRUST LITIGATION** | Master Docket No.: 3:12-cv-2389 (PGS/DEA)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on an appeal of a discovery order issued by the Hon. Douglas E. Arpert, U.S.M.J. dated February 10, 2023 (ECF No. 1161). Counsel for the Direct Purchaser Class (Bruce Gerstein, Esq.), End Payors (Kenneth Wexler, Esq.), Retailers (Eric Bloom, Esq.), Pfizer (Raj Gandesha, Esq.) and Ranbaxy (Alexandra Russell, Esq.) argued the matter on April 10, 2023 during a telephonic hearing.

## I.

On June 23, 2022, Judge Arpert issued a scheduling order (ECF No. 1085) that terminated a stay of discovery, and ordered that discovery "limited to the issues of causation and class certification" shall proceed (hereinafter "Order 1085"). Order 1085 detailed a schedule in which Plaintiffs were to serve "expert disclosures and reports" on causation and class certification, followed by Defendants' "expert disclosures and rebuttal reports." Order 1085 focused on the

1

causation and class certification issues because the parties failed to successfully engage in mediation while these issues were outstanding. Order 1085 also alerted the parties that discovery should be completed expeditiously and substantive issues be addressed on a timely basis.

Order 1085 was appealed to this Court for various reasons in the early fall of last year; but Plaintiffs failed to object to the fact that Order 1085 did not provide for rebuttal expert reports. (ECF No. 1103 and 1124).

On January 31, 2023, the parties submitted to the Court a joint letter wherein Plaintiffs sought to amend the June 2022 scheduling order to provide leave to serve rebuttal expert reports "as early as this week" [week ending February 3, 2023]. The Defendants opposed the request (ECF No. 1158). Plaintiffs' request was denied in an amended scheduling order dated February 10, 2023. (ECF No. 1161) (hereinafter Order 1161). Pursuant to Order 1161, a schedule for the filing of motions was enumerated, and rebuttal expert reports were denied. Plaintiffs appealed.

II.

In federal litigation, magistrate judges have the authority to handle non-dispositive matters, 28 U.S.C. § 636(b)(l)(A); Fed R. Civ. P. 72(a), including discovery disputes. A party may appeal a magistrate judge's decision regarding a non-dispositive issue to the district judge. Fed. R. Civ. P. 72(a). Litigants are only

entitled to appeal a magistrate judge's decision until fourteen days after the decision, Fed. R. Civ. P. 72(a)(2), but a district court has discretion to consider the merits thereafter. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (3d ed. 2014).

Decisions adjudicating discovery disputes are reviewed for "abuse of discretion." *Anjelino v. New York Times Co.*, 200 F.3d 173, 88 (3d Cir. 1999); *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022); 12 Wright, *et al.*, Federal Practice and Procedure: Civil 2d § 3069. "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F. 3d 212, 240 (3d Cir. 2007). More specifically, an abuse of discretion is a decision "based on an incorrect legal standard or clearly erroneous factual findings." *Id.*

Management of the discovery process by a magistrate is entitled to great deference in order to administer justice efficiently and fairly. *See Kresefky v. Panasonic Communications & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). Plaintiffs failed to object to Order 1085 for not providing for rebuttal reports last fall. An appeal on that matter should have occurred at that time, but that did not happen. In addition, managing the time limits of discovery issue is essential. As

such, Plaintiffs have failed to show that Judge Arpert's denial was an abuse of discretion.

III.

The matter should have ended here; but in my role to decide upcoming motions for summary judgment and class certification, a firm grasp of all the facts is necessary in rendering a fair decision. Moreover, this litigation has been ongoing for about 11 years, and a relatively short delay is not significant when considering the overall length of the litigation.  As such, rebuttal reports shall be considered. Since rebuttal reports have been permitted on a fairness basis, then Defendants have a right to depose those experts on the content of the rebuttal reports in order to develop a fair record.  Fed. R. Civ. P. 1.   An Order implementing the above is set forth below.

ORDER

Whereas the Direct Purchasers filed a motion (ECF No. 1170) seeking leave to submit rebuttal expert reports by Kurt R. Karst, Esq. and Jeffrey J. Leitzinger, Ph.D.; and

Whereas Cohn Lifland withdraw part of their motion (ECF No. 1170) concerning Kurt R. Karst, Esq. who did not wish to be deposed; and

Whereas this Order resolves the motion (ECF No. 1170), and also the end-payor Plaintiffs who informally joined in the motion;

4

IT IS on this 13th day of April, 2023;

ORDERED:

1)      The motion (ECF No. 1170) is granted in part regarding Jeffrey J. Leitzinger, Ph.D.'s rebuttal report and denied in part regarding Kurt R. Karst, Esq.;

2)      Submission of rebuttal expert reports by End-Payor Plaintiffs is granted;

3)      The motions are scheduled in accordance with Schedule A (attached hereto) and

4)      Defendants may depose such experts on the substance of the rebuttal reports at a convenient place and on a timely basis (see Schedule A);

5)      Any disputes or logistic issues that may arise from this Order shall be addressed to the Hon. Douglas Arpert, U.S.M.J.


_____

PETER G. SHERIDAN, U.S.D.J.

## SCHEDULE A

Causation (Direct Purchasers): – No change.

| | |
|---|---|
| Plaintiffs' Opposition | Due by May 1, 2023 |
| Defendants' Reply | Due by May 22, 2023 |
| Oral Argument by telephone | June 7, 2023 at 1:00 p.m. |

*Oral argument is limited to attorneys who submitted briefs.


Class Certification (Direct Purchasers):

| | |
|---|---|
| Rebuttal report of Leitzinger | Has been served |
| Deposition of Leitzinger | on or before May 1, 2023 |
| Motion by Plaintiff | May 5, 2023 |
| Defendants' Opposition | June 5, 2023 |
| Plaintiffs' Reply | June 26, 2023 |
| Oral Argument by telephone | July 5, 2023 at 1 p.m. |

*Oral argument is limited to attorneys who submitted briefs.


Causation (End Payors):

| | |
|---|---|
| Service of Rebuttal Report | April 17, 2023 |
| Deposition of Expert | |
| (in Defendant's discretion) | On or before May 5, 2023 |
| Defendants' supplemental brief: | May 19, 2023 |
| Plaintiffs' Opposition | June 1, 2023 |
| Defendants' Reply | June 15, 2023 |
| Oral argument by telephone | July 19, 2023 at 1 p.m. |

*Oral argument is limited to attorneys who submitted briefs.

Class Certification (End Payors)

| | |
|---|---|
| Service of Rebuttal Report | April 17, 2023 |
| Deposition of Expert | |
| (in Defendant's discretion) | May 12, 2023 |
| Plaintiffs' Motion | May 19, 2023 |
| Defendants' Opposition | June 12, 2023 |
| Plaintiff' Reply | June 26, 2023 |
| Oral argument by telephone | August 2, 2023 at 1 p.m. |

*Oral argument is limited to attorneys who submitted briefs.