UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: LIPITOR ANTITRUST LITIGATION | : : : : : : | Civil Action No. 12-2389 (PGS)(DEA)<br><br>**ORDER** |

This matter now comes before the Court to resolve a discovery dispute over which Defendants Pfizer and Ranbaxy ("Defendants") and the proposed class of End Payor Plaintiffs ("EPPs") are at an impasse. ECF No. 1200. Specifically, Defendants seek to have the Court strike three Declarations that were served on January 10, 2023 in connection with EPPs' class certification expert reports and bar EPPs' experts from relying on them. Defendants maintain that "[t]hese Declarants – under the direction and control of the EPPs – were not previously disclosed by EPPs in their initial disclosures, and each one asserts purported facts that were not previously disclosed during the fact discovery phase for class certification." *Id.* at 1. Consequently, Defendants argue, "[t]hese declarations should be stricken to avoid unfair prejudice to Defendants from EPPs' failure to provide necessary and appropriate discovery regarding class certification because: "(1) EPPs failed to identify the Declarants in initial disclosures or any supplement thereto; (2) EPPs did not produce documents to support the facts asserted in the declarations during fact discovery; and (3) EPPs failed to produce the additional documents responsive to pending document requests that are referenced in the declarations." *Id.* at 5. Alternatively, Defendants argue, "the Court should order that the Declarants sit for depositions after EPPs produce all documents and data referenced by Declarants in their sworn statements." *Id.* at 2.

In response, EPPs argue that Defendants' application is "unfounded and belated"; that EPPs were not required to identify the Declarants pursuant to Rule 26(a) or (e); the facts in the Declarations as well as the identities of two Declarants were known to Defendants before fact discovery closed; Defendants' application is contrary to the Court's Scheduling Order as well as Rule 45; and that Defendants' application is untimely and prejudicial to EPPs. *Id.* at 18-23.

The Court has considered the parties' written submissions together with the voluminous attachments and exhibits thereto, and good cause appearing for the entry of this Order,

**IT IS** on this 2nd day of May, 2023

**ORDERED** that Defendants' application is granted as follows:

1. EPPs must promptly supplement any previous discovery responses or respond to any of Defendants' outstanding discovery requests to produce all data and documents in EPPs' possession or control that are referenced or relied upon by Declarants;

2. Once such production is complete, Defendants may promptly conduct the deposition of the three Declarants, pursuant to Rule 45 subpoenas as may be appropriate, limited to the subject matter of their respective Declarations;

3. Counsel for Defendants and EPP must promptly meet and confer in a good faith effort to agree on dates and deadlines to accomplish the production and depositions described in paragraphs 1 and 2 above; and

4. Defendants' request that EPPs' experts be precluded from relying on the data or documents that are not produced in advance of Declarants' depositions is denied a premature.

*s/ Douglas E. Arpert*  
DOUGLAS E. ARPERT  
United States Magistrate Judge