

Lisa J. Rodriguez, New Jersey Managing Partner
Woodland Falls Corporate Park
220 Lake Drive East  Suite 200  Cherry Hill, NJ 08002-1165
856.482.5222  Fax 856.482.6980  schnader.com

Lisa J. Rodriguez
Direct Dial 856-482-5741
Direct Fax 856-482-2578
E-Mail: lrodriguez@schnader.com

June 26, 2023

**VIA ECF**
The Honorable Peter G. Sheridan, U.S.D.J.
United States District Court District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

>   Re:   *In re Lipitor Antitrust Litigation*
>         Master Docket No. 3:12-cv-02389 (PGS/DEA)

Dear Judge Sheridan:

Counsel for the End-Payor Plaintiffs ("EPPs") respectfully submit this letter in response to Defendants' June 20, 2023 letter opposing EPPs' request for an in-person evidentiary hearing regarding EPPs' Motion for Class Certification. EPPs respectfully requested an evidentiary hearing before their Motion for Class Certification was fully briefed in order to preserve their right for an evidentiary hearing. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 324 (3d Cir. 2008). EPPs believe that an evidentiary hearing will assist the court in addressing issues concerning ascertainability and predominance. *See In re Niaspan Antitrust Litig.*, 67 F.4th 118, 132-34 (3d Cir. 2023). Such issues would benefit from live testimony, including cross-examination from the parties and the Court, to ensure "that the record is appropriately complete for the Court to make a class certification determination." *In re Plastics Additives Antitrust Litig.*, Civil Action No. 03-2038, 2006 WL 6172035, at *2 (E.D. Pa. Aug. 31, 2006). In their opposition, Defendants muddle the straightforward issue before the Court while understating the parties' disputes regarding class certification, which have taken shape already. For the following reasons, and those articulated in EPPs' June 16, 2023 letter, the Court should grant EPPs' request for an in-person evidentiary hearing.

**I.  EPPs' Request for an Evidentiary Hearing is Timely, and the Court May Order an Evidentiary Hearing Based on the Current Record.**

Defendants suggest that EPPs' request for an evidentiary hearing is premature, surmising that "no evidentiary hearing will be necessary" because "the parties will submit thorough briefs supporting their class certification positions and present a complete evidentiary record upon which the Court can make its decision." Dkt. No. 1250 at 1. Defendants' conclusory statement regarding the sufficiency of the written pleadings and record evidence is misleading and premature. Given the complexity of the parties' disputes and the likely "benefit of hearing live testimony from the parties' respective class certification experts" to resolve those disputes, Dkt.

June 26, 2023
Page 2

No. 1248 at 1, EPPs maintain that there already is a sufficient basis for the Court to conduct an evidentiary hearing. At a minimum, EPPs respectfully suggest that the Court should not rule on this request until briefing on EPPs' Motion for Class Certification has been completed.

## II. Convening an Evidentiary Hearing Would Aid the Court's Consideration and Resolution of EPPs' Motion for Class Certification.

Defendants contend that EPPs have failed to identify "any valid basis for holding" an evidentiary hearing or to explain how expert witnesses' testimony "would not be duplicative of the voluminous expert record in this case." Dkt. No. 1250 at 2. Not so. In their Motion for Class Certification, EPPs set forth their opening arguments that the requirements of Rule 23 are satisfied here, identifying two expert witnesses who will support their motion. First, EPPs rely on Dr. Hal Singer, an economist, who opines that common evidence can be used to establish that EPPs suffered class-wide antitrust injury and damages as the direct and proximate result of Defendants' misconduct. Second, EPPs rely on Laura Craft, a pharmaceutical data expert, who opines that there is abundant and robust pharmaceutical transaction data that, in conjunction with a routine claims administration process, can reliably be used to confirm class membership, thereby satisfying the requirements of the ascertainability standard under Rule 23. Defendants rely upon their own economist, Dr. James Hughes, to oppose both experts' opinions, thus creating a "battle of the experts" that can more appropriately be addressed through in-person testimony at an evidentiary hearing. *See In re Hydrogen Peroxide*, 552 F.3d at 324 ("Genuine disputes with respect to the Rule 23 requirements must be resolved, after considering all relevant evidence submitted by the parties."); *see also Sher v. Raytheon Co.*, 419 F. App'x 887, 890 (11th Cir. 2011) (vacating class certification order where the district court "erred as a matter of law by not sufficiently evaluating and weighing conflicting expert testimony on class certification"). Given the voluminous record, an evidentiary hearing would allow the experts to explain the reasoning of their reports beyond the page. Indeed, the volume of briefing, expert reports, deposition testimony, data, and documentary evidence relating to EPPs' Motion for Class Certification counsels *in favor* of conducting an evidentiary hearing.

Defendants also argue that EPPs' request for an evidentiary hearing should not be afforded more weight than Defendants' opposition to it. *See* Dkt. No. 1250 at 2-3. But Defendants misunderstand the Court's burden to conduct a "rigorous analysis[] that the prerequisites of Rule 23 are met." *In re Hydrogen Peroxide*, 552 F.3d at 309 (internal quotation omitted). Under this standard, "a district court exercising proper discretion in deciding whether to certify a class will resolve factual disputes by a preponderance of the evidence and make findings that each Rule 23 requirement is met or is not met, *having considered all relevant evidence and arguments presented by the parties*." *Id.* at 320 (emphasis added). This is especially important where, as here, class certification requires weighing and resolving conflicting expert testimony. *See id.* at 324 ("Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives." (quoting *West v. Prudential Sec., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002))). Combined with plaintiffs' "burden of affirmatively demonstrating . . . compliance with the requirements of Rule 23," *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015), this standard suggests that the Court should elevate EPPs' request for an

evidentiary hearing if it would be integral to their ability to affirmatively establish the appropriateness of class certification. To be sure, it is incumbent on EPPs—not Defendants—to create as fulsome a record as possible to meet their affirmative burden of proof, and an evidentiary hearing would ensure that EPPs' class certification experts could fully explain their conclusions and reasoning, including any complexities, to the Court. EPPs' request for an evidentiary hearing is consistent with other class certification proceedings in similar pay-for-delay cases, which often involve econometric analyses and large classes. *See, e.g.*, *In re Zetia (Ezetimibe) Antitrust Litig.*, 2021 WL 3704727, at *4 (E.D. Va. Aug. 20, 2021); *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 386 (D.R.I. 2019).[1]

### III. The Court Can Structure the Evidentiary Hearing to Ensure That Its Benefits Would Outweigh Any Burdens.

Defendants also argue that EPPs' request should be denied because any potential benefit gained from an evidentiary hearing would be outweighed by the time and expense of preparing for and convening such a hearing. Dkt. No. 1250 at 2. But EPPs have claimed that Defendants' conduct resulted in hundreds of millions of dollars in losses to members of the proposed EPP Classes. Under the circumstances, the time and expense of conducting an evidentiary hearing to determine if EPPs can pursue their claims on a class-wide basis is not outweighed by the minimal time it would take to prepare for and convene an evidentiary hearing. Moreover, such a conclusory argument ignores the Court's unquestioned discretion to structure an evidentiary hearing to maximize the benefits to be gained from it while minimizing any attendant burdens on the parties or the Court. *See In re Hydrogen Peroxide*, 552 F.3d at 324 ("To avoid a risk that a Rule 23 hearing will extent into a protracted mini-trial of substantial portions of the underlying litigation, a district judge must be accorded considerable discretion to limit both discovery and the extent of the hearing on Rule 23 requirements." (quoting *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006))). Indeed, should the Court determine that an evidentiary hearing would have only limited utility, it could hold an evidentiary hearing structured accordingly to address only those issues that would clearly benefit from it. *See, e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D. 677, 696-97 (N.D. Ga. 1991) (granting class certification after convening limited evidentiary hearing on Rule 23(b)(3) requirements). EPPs respectfully submit that, as the contours of the parties' class certification disputes crystallize with additional briefing over the coming weeks, the Court will be better able to assess the appropriate

---

[1] Defendants' argument that the Court need not grant EPPs an evidentiary hearing because the Court may decide the Direct-Purchaser Plaintiffs' ("DPPs") motion for class certification without an evidentiary hearing is a red herring. DPPs' and EPPs' motions for class certification implicate materially different disputes that involve different factual evidence. Notably, the ascertainability requirement, which requires plaintiffs to identify a "reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition," *Byrd*, 784 F.3d at 163 (internal quotation omitted), will be a focal point of EPPs' motion for class certification, but it receives minimal treatment in DPPs' motion for class certification.

June 26, 2023
Page 4

format and length of an evidentiary hearing, including how long the parties may have for cross-examination, redirect, and recross. *See, e.g.*, *In re Domestic Drywall Antitrust Litig.*, 322 F.R.D. 188, 202 (E.D. Pa. 2017) (granting class certification after convening a two-day evidentiary hearing with live expert testimony).

For the reasons outlined here and in their June 16 letter, EPPs respectfully request that the Court grant EPPs' request for an in-person evidentiary hearing in connection with EPPs' Motion for Class Certification.

                                                  Respectfully yours,

                                                  */s/ Lisa J. Rodriguez*
                                                  For Schnader Harrison Segal & Lewis, LLP

LJR/adv
cc:     All counsel of record via ECF