UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: LIPITOR ANTITRUST LITIGATION | MDL No. 2332 |
| This document relates to: | Master Docket No. 3:12-cv-2389 (PGS/DEA) |
| Direct Purchaser Class Actions | |

*(PGS)* [PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS, APPOINTMENT OF LEAD CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING

Upon review and consideration of Direct Purchaser Class Plaintiffs' Unopposed Motion for Certification of a Settlement Class, Appointment of Lead Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Proposed Schedule for a Fairness Hearing, and exhibits thereto, and any hearing thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

### Jurisdiction

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement dated February 7, 2024 among Pfizer Inc., Pfizer Manufacturing Ireland, Warner-Lambert Co., and Warner-Lambert Co. LLC (collectively "Pfizer); Drogueria Betances, LLC ("Betances"), Professional Drug Company, Inc. ("PDC"), Rochester Drug Co-Operative, Inc. ("RDC"), Stephen L. LaFrance Holdings, Inc. ("LaFrance"), and Value Drug Company ("VDC") (collectively "Named Plaintiffs"), and the Direct Purchaser Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over each of the Named Plaintiffs, Betances, PDC, RDC,

1

LaFrance, VDC, and Defendant Pfizer, and jurisdiction over the litigation to which the Named Plaintiffs and Pfizer are parties.

### Certification of the Proposed Class

3. The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed Settlement:

   a. Pursuant to Rule 23(c)(1)(B), the Class, which shall hereinafter be denominated "the Class" or "Direct Purchaser Settlement Class" is defined as follows:

   > All persons or entities in the United States and its territories who purchased Lipitor or its AB-rated bioequivalent generic products directly from any of Defendants at any time during the period June 28, 2011 through May 28, 2012 (the "Class Period").
   >
   > Excluded from the Class are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, all federal governmental entities, and all persons or entities that (i) purchased Lipitor directly from Pfizer for the first time during the Class Period after November 30, 2011, but did not purchase generic Lipitor directly from Ranbaxy[1] during the Class Period; and (ii) all persons or entities that purchased Lipitor directly from Pfizer after November 30, 2011 that did not also purchase generic Lipitor after November 30, 2011.
   >
   > Also excluded from the Class for purposes of this Settlement Agreement are the following entities: CVS Pharmacy, Inc. (which includes Caremark), Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co. (which includes Kerr Drug), The Kroger Co. (which includes Peytons), Safeway Inc., SuperValu Inc., Meijer, Inc. and Meijer Distribution, Inc., Giant Eagle, Inc., and H-E-B L.P. ("Retailer Plaintiffs").

4. Pursuant to Rule 23(a)(1), the Court determines that, in connection with and solely for purposes of settlement, the Class is so numerous and geographically dispersed that joinder of all members is impracticable. The Class has 63 members geographically dispersed throughout the

---

[1] Ranbaxy Inc., Ranbaxy Laboratories Limited, and Ranbaxy Pharmaceuticals, Inc. are collectively "Ranbaxy."

2

United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(1).

5. Pursuant to Rule 23(c)(1)(B), the Court determines that, in connection with and solely for purposes of settlement, the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions, including:

    a. whether Pfizer and Ranbaxy conspired to suppress generic competition for Lipitor;

    b. whether Ranbaxy agreed to delay its entry into the market with generic Lipitor;

    c. whether Pfizer made a large reverse payment to Ranbaxy;

    d. whether Pfizer's reverse payment to Ranbaxy was for a purpose other than the delayed entry of generic Lipitor;

    e. whether Pfizer's reverse payment to Ranbaxy and Ranbaxy's associated delayed launch of generic Lipitor were reasonably necessary to yield and/or were the least restrictive means of yielding a procompetitive benefit that is cognizable and non-pretextual;

    f. whether the challenged conduct is illegal under the antitrust rule of reason;

    g. whether the challenged conduct suppressed generic competition to Lipitor;

    h. whether Pfizer possessed market or monopoly power over Lipitor;

    i. to the extent a relevant market must be defined, what that definition is;

    j. whether the challenged conduct substantially affected interstate commerce;

3

    k.    whether, and to what extent, Pfizer and Ranbaxy's conduct caused antitrust injury (overcharges) to Direct Purchaser Class Plaintiffs and the Direct Purchaser Class; and

    l.    the quantum of overcharge damages paid by the Direct Purchaser Class in the aggregate.

3. The Court determines, in connection with and solely for purposes of settlement, that the foregoing class wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

4. The Named Plaintiffs are hereby appointed as representatives of the Class, for the following reasons:

    a.    The Named Plaintiffs allege, on behalf of the Class, the same manner of injury from the same course of conduct that they complain of themselves, and assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the Named Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

    b.    Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs will fairly and adequately protect the interests of the Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the members of the Class share a common interest in proving Pfizer's and Ranbaxy's alleged anticompetitive conduct, and all Class Members share a common interest in recovering the overcharge damages sought in the Complaint. Moreover, the Class is made up of

4

business entities and any Class Member that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs are well qualified to represent the Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

5. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the Class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310-311 (3d Cir. 2008).

6. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

7. Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), appoints David F. Sorensen and his firm Berger Montague PC, Bruce E. Gerstein and his firm Garwin Gerstein & Fisher LLP, and Thomas M. Sobol and his firm Hagens Berman Sobol Shapiro LLP as Lead Class Counsel, having previously appointed those firms as interim lead counsel on August 10, 2012. ECF No. 109 ¶ 19.

### Preliminary Approval of the Proposed Settlement

8. Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Settlement Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Class based on the relevant factors under Rule 23(e)(2), subject to the right of any class member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Pfizer, and ordering the release of the Released Claims against the Pfizer Releasees and the Direct Purchaser Class Releasees, should not be entered after due and adequate notice to the Class as set forth in the Settlement Agreement and after a hearing on final approval.

9. The Court finds that the proposed Settlement, which includes a cash payment of ninety-three million dollars ($93,000,000.00) into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia*, dismissal of the litigation between Direct Purchaser Class Plaintiffs and Pfizer with prejudice and releases of certain claims against Pfizer by Direct Purchaser Class Plaintiffs and the Class, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation and a mediation led by experienced mediator, the Hon. Faith Hochberg, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### Approval of the Plan of Notice to the Class and Plan of Allocation

10. The proposed form of Notice to Class Members of the pendency of this Class Action and the proposed Settlement thereof (annexed as Exhibit B to the Settlement Agreement) satisfies the requirements of Rule 23(e) and due process, is otherwise fair and reasonable, and therefore is

approved. Lead Class Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated by <u>March 23</u>, 2024 (15 days following the entry of this Order) via first-class mail to the last known address of each Class Member.

11. Members of the Class may request exclusion from the Class or object to the Settlement no later than <u>May 8</u>, 2024 (45 days from the date that the Notice is mailed to each member of the Class). Lead Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

12. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pfizer shall serve notices as required under CAFA within 10 days from the date Direct Purchaser Class Plaintiffs file the Settlement Documents with the Court. Pfizer shall contemporaneously provide Lead Class Counsel with copies of any such notices.

13. The Court appoints RG/2 Claims Administration to serve as Notice and Claims Administrator and to assist Lead Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. The proposed Plan of Allocation, filed as Exhibit 2 to Plaintiffs' motion, satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, preliminarily approved, subject to further consideration at the Final Fairness Hearing.

14. The Court appoints The Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. A copy of the Escrow Agreement executed by The Huntington National Bank and Lead Class Counsel is annexed as Exhibit D to the Settlement Agreement. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified

settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Lead Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

### Final Fairness Hearing

15. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at  1 p.m.  on  June 12 , 2024, at the United States District Court for the District of New Jersey, 402 East State Street, Courtroom 1, Trenton, New Jersey 08608. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Class members; (c) whether the Court should approve any motion for attorneys' fees and reimbursement of costs and expenses; (d) whether service awards should be awarded to the Named Plaintiffs; and (e) whether entry of a Final Judgment and Order terminating the litigation between Direct Purchaser Class Plaintiffs and Pfizer should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Lead Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on Lead Class Counsel's websites.

16. Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting

papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 08608, with copies to the following counsel:

*On behalf of Direct Purchaser Class Plaintiffs and the Class:*

>   David F. Sorensen
>   BERGER MONTAGUE PC
>   1818 Market Street, Suite 3600
>   Philadelphia, PA 19103
>   dsorensen@bm.net

>   Bruce E. Gerstein
>   GARWIN GERSTEIN & FISHER, LLP
>   Wall Street Plaza
>   88 Pine Street, 10th Floor
>   New York, NY 10005
>   bgerstein@garwingerstein.com

>   Thomas M. Sobol
>   HAGENS BERMAN SOBOL SHAPIRO LLP
>   55 Cambridge Parkway, Suite 301
>   Cambridge, MA 02142
>   tom@hbsslaw.com

*On behalf of Pfizer:*

>   Raj Gandesha
>   WHITE & CASE LLP
>   1221 Avenue of the Americas
>   New York, NY 10020
>   rgandesha@whitecase.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than __May 8__, 2024 (45 days from the date that the Notice is mailed to each member of the Class). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement

9

as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

17. All briefs and materials in support of the final approval of the Settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court by __May 29__, 2024 (21 days after the expiration of the deadline for Class members to request exclusion from the Class or object to the Settlement and/or attorney's fees, expenses and service awards).

18. All briefs and materials in support of any motion or application for an award of attorneys' fees and reimbursement of costs and expenses shall be filed with the Court by __April 24__, 2024 (14 days prior to the expiration of the deadline for Class members to request exclusion from the Class or object to the Settlement and/or attorney's fees, expenses and service awards).

19. All proceedings in the action between the Direct Purchaser Class Plaintiffs and Pfizer are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Judgment and dismisses such actions with prejudice.

20. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Pfizer as to the validity of any claim that has been or could have been asserted by Direct Purchaser Class Plaintiffs against Pfizer or as to any

liability by Pfizer as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

21. If final approval of the Settlement is not obtained, the Settlement is null and void and the parties will revert to their positions *ex ante* without prejudice to their rights, claims, or defenses.

SO ORDERED this 8 day of March, 2024

*[signature]*

The Honorable Peter G. Sheridan
United States District Judge