UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LIPITOR ANTITRUST LITIGATION | Civ. No. 12-2389 (ZNQ)(JBD)<br><br>MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART END-PAYOR PLAINTIFFS' MOTIONS TO SEAL |

Before the Court are two motions filed by the End-Payor Plaintiffs ("EPPs") to seal materials related to an evidentiary hearing that the Court held in this matter on November 28, 2023.  [Dkts. 1332, 1352.]  Defendants Ranbaxy Inc., Ranbaxy Laboratories Limited, and Ranbaxy Pharmaceuticals, Inc. (collectively, "Ranbaxy") oppose the motions in part.  *See* [Dkts. 1332-2, 1339, 1352-4].  The Court has reviewed thoroughly the parties' motion papers, the materials that are the subject of the motions, and applicable law governing the motions.  For the reasons set forth below, the Court will grant in part and deny in part the EPPs' motions to seal.[1]

---

[1]    The Court recently issued several opinions and orders granting Ranbaxy's motion for summary judgment and denying plaintiffs' motions for class certification. *See* [Dkts. 1415-1416, 1418-1419].  Various plaintiffs subsequently filed notices of appeal.  *See* [Dkts. 1430-1432, 1435, 1437-1438, 1446-1447].  Because the present motions to seal do not implicate the merits of those opinions and orders and the appeals therefrom, this Court has jurisdiction to decide the motions to seal. *See Kirschling v. Atl. City Bd. of Educ.*, Civ. No. 11-4479 (NLH), 2014 WL 5320162, at *2 (D.N.J. Oct. 17, 2014).

I.    BACKGROUND

The Court writes for the parties, who are well-versed in this long-running antitrust litigation.  The Court therefore sets forth briefly the background facts necessary to decide the motions.  Over the spring and summer of 2023, the parties briefed Ranbaxy's motion for summary judgment and plaintiffs' motions for class certification.  On November 27, 2023, after the motions had been fully briefed, the Court held oral argument on Ranbaxy's motion for summary judgment and on the Direct Purchaser Plaintiffs' motion for class certification.  [Dkt. 1323.]  The next day, November 28, 2023, the Court held an evidentiary hearing in connection with the EPPs' separate motion for class certification.  [Dkt. 1324.]  As relevant here, during that hearing, the EPPs presented testimony of two experts in support of their class certification motion, and Ranbaxy presented testimony of one expert in opposition.  During the hearing, the EPPs' counsel and their expert witnesses used, referenced, and published demonstrative materials that had been included in a binder provided to the Court, and used, referenced, and published PowerPoint slides as demonstratives as well.  The Court did not formally receive those demonstrative materials into evidence during the hearing.

No party moved to seal the courtroom for either the oral argument held on November 27, 2023 or the evidentiary hearing held on November 28, 2023.  Accordingly, the courtroom was open to the public for those proceedings.  Three days after the November 28 hearing, on December 1, 2023, the EPPs filed under seal the binder, slides, and other materials used during the hearing.  [Dkt. 1325.]

On December 14, 2024, the EPPs moved to seal limited portions of the November 28 hearing transcript, and on January 23, 2024, the EPPs moved to seal selected portions of the binder and slides.  [Dkts. 1332, 1352.]  As noted above and discussed more fully below, Ranbaxy opposes portions of the EPPs' motions on both procedural and substantive grounds.

II.    LEGAL STANDARDS

Local Civil Rule 5.3(c) authorizes the Court to seal and/or otherwise restrict public access to materials submitted in connection with a motion and directs the Court to consider:  (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest that warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.  Balancing these factors is a matter committed to the Court's sound discretion.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir 1994).

There is "a common law public right of access to judicial proceedings and records."  *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  A movant must demonstrate that "good cause" exists to seal the requested records to overcome the presumption favoring a public right of access.  *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03–4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).  "Good cause means 'that disclosure will work a clearly defined and serious injury to the

3

party seeking closure'; '[t]he injury must be shown with specificity.'" *Id*; *see also*

*In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir.

2019) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

"[B]road allegations of harm, unsubstantiated by specific examples or articulated

reasoning, will not suffice to seal a judicial record." *Nat'l Distrib. Ctrs., LLC v.*

*BaronHR West, Inc.*, Civ. No. 22-554 (JHR), 2023 WL 2159154, at *3 (D.N.J.

Feb. 22, 2023).

      Although there is a "strong presumption that records of judicial proceedings

should be public information, private interests can outweigh that public interest

when justice so requires, particularly when the case involves private litigants and

encompasses matters of little legitimate public interests." *Walsh Sec., Inc. v. Cristo*

*Prop. Mgmt., Ltd.*, Civ. No. 97-3496 (DRD) (MAS), 2010 WL 2680562, at *2

(D.N.J. June 30, 2010).  Indeed, courts have recognized that the presumption of

public access is not absolute and may be rebutted.  *Republic of the Philippines v.*

*Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).  "Every court has

supervisory power over its own records and files, and access has been denied where

court files might have become a vehicle for improper purposes." *Littlejohn v. Bic*

*Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (quoting *Nixon v. Warner Commc'ns, Inc.,*

435 U.S. 589, 598 (1978)).  To that end, courts may seal materials when they contain

business information that might harm a litigant's or non-party's competitive

standing.  *See id.* (citations omitted).

III.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    Motion to Seal Portions of the November 28 Hearing Transcript

The evidentiary hearing held on November 28, 2023 lasted more than five hours and the official transcript of that proceeding spans more than 200 pages. [Dkt. 1403.]  The EPPs move to seal eight words from the transcript; specifically, they seek to seal confidential business information that they obtained from non-party IQVIA.  That information, in turn, implicates confidential prescription information concerning a non-party health plan and a non-party pharmacy benefit manager ("PBM").  The testimony at issue was given in passing, and the isolated references to the health plan and PBM were given as examples in explaining to the Court the experts' data analyses.  *See, e.g.*, Transcript of Evidentiary Hearing ("Tr."), at 86:3-10 (Nov. 28, 2023) ([Dkt. 1403]).

The Court concludes that the EPPs did not waive their right to move to seal limited portions of the transcript, and that they have satisfied their burden to establish that redacting the identities of the health plan and the PBM is appropriate.  Redacting the identities of those non-parties renders it unnecessary also to redact a bare number of prescriptions referenced in the transcript.

1.    The EPPs Did Not Waive Their Right to Move to Seal the Transcript

Ranbaxy argues that the EPPs waived their right to move to seal any portion of the transcript because they did not first request to seal the courtroom for the November 28 hearing.  [Dkt. 1339] at 3-6.  Although the Court agrees generally

with the legal principle on which Ranbaxy relies, the Court does not find that principle absolute and applicable in all cases, including this one.

Ranbaxy is correct that after-the-fact redaction of a transcript of an open, public judicial proceeding is not—and should not be—the norm.  Indeed, "[e]x-post facto sealing should not generally be permitted." *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, Civ. No. 08-1331 (DMC), 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) (denying motion to redact significant portions of a transcript of a public pre-trial proceeding).  Consistent with the legal principles outlined above, once testimony is given in a public proceeding, it is presumptively public.  *Id.* ("[T]here should be no backdoor attempt to 'seal the courtroom'").  For that reason, counsel typically should move to seal the courtroom, make a contemporaneous request for temporary sealing, or otherwise take affirmative steps to protect confidential information divulged during a public proceeding.  *Id.* (admonishing parties that they "should be prepared to move to seal proceedings at their outset, not attempt to redact the transcript after the proceeding has concluded").

At the same time, while after-the-fact redaction is not favored, there is no absolute, categorical rule prohibiting in all circumstances redactions of a transcript of an open pretrial proceeding where the courtroom was not first sealed.  Local Civil Rule 5.3(g) sets out a reticulated framework for requests to seal transcripts of judicial proceedings in this District.  That framework expressly contemplates that motions to seal or redact a transcript may be filed after the proceeding at issue concludes.  The rule itself does not require categorically—nor does it mention—that

6

the courtroom be sealed as a condition precedent for later sealing or redacting a transcript.  Consistent with the rule, the Court's *Policy Regarding the Redaction and Sealing of Civil Case Transcripts / Digital Recordings* also does not expressly require a party to seal the courtroom before it may move to seal all or portions of a transcript:  "Parties wishing to seal any part or all of a transcript/digital recording, *before or after* a transcript is filed, must electronically file with the Court a Motion to Redact and Seal . . . ."[2]  Notably, moreover, the local rules permit a party to make a temporary application to seal the contents of a transcript pending a formal motion to redact or seal.  L. Civ. R. 5.3(g)(4).  The rule then provides that "[a]bsent such an application being made and granted, any purchased transcript shall be available for viewing in its unredacted state at the court public terminal until a formal motion to redact and seal is filed"—at which time the transcript then would be sealed from public access.  *Id.*  In other words, the rule contemplates the possibility that an unredacted transcript is accessible at the public terminal, but thereafter a party moves to redact or seal all or portions of the transcript.  It would make little sense for the rule to contemplate this scenario if a party was required in all cases to seal the courtroom first as a condition for later moving to seal some or all of a transcript.

Moreover, a categorical rule requiring parties to move to seal the courtroom as a condition for seeking to redact the transcript may not always be practicable.  There are, of course, circumstances in which a witness divulges confidential information unexpectedly, inadvertently, or in passing during a public proceeding.

---

[2]       *Available at* https://www.njd.uscourts.gov/transcript-policy.

7

*See Pfizer,* 2010 WL 2710566, at *4. When that happens, an after-the-fact motion to seal may be the only realistic means to protect that information.

For these and other reasons, case law in this District supports the understanding of Local Civil Rule 5.3(g) set forth above. *See id.*; *Fischell v. Cordis Corp.*, Civ. No. 16-928 (PGS), [Dkt. 298] (D.N.J. June 7, 2017) (granting intervenor's motion to redact and seal the transcript of a hearing referring to confidential communications about a licensing agreement); *Congoo v. Revcontent*, Civ. No. 16-401 (MAS), [Dkt. 48, 54, 55] (D.N.J. Jan. 3, 2017) (sealing information in preliminary injunction hearing transcript); *cf. also Koninklijke Philips v. Hunt Control Sys.*, Civ. No. 11-3684, [Dkts. 87, 92] (SRC) (CLW) (D.N.J. July 31, 2017) (sealing portions of non-party's deposition transcript containing confidential marketing materials and strategies read into trial record, where counsel did move on the record to have portions of the transcript sealed); *DMCA Avaya Inc. v. Telecom Labs, Inc.*, Civ. No. 06-2490 (JEI), 2012 WL 13035098, at *1 (D.N.J. Apr. 27, 2012) (granting motion to redact limited portions of a publicly filed opinion).

The manner of the proposed redactions also is relevant to the inquiry: Courts are more likely to permit redaction where a party seeks to redact limited, specified information in a transcript, as opposed to broad swaths of a transcript of a public proceeding. *See Pfizer,* 2010 WL 2710566, at *4 (noting that the Court's transcript policy did not contemplate the movant's "postliminary attempt . . . to seal large portions of the transcript" and that the policy did not intend to permit a party to

8

"redact countless pages" of a transcript of an open public proceeding"); *United States ex rel. Silver v. Omnicare*, Civ. No. 11-1326 (NLH), 2016 WL 3448267, at *1 (D.N.J. June 9, 2016) (granting defendant's motion to seal a single line from a hearing transcript that contained the "gross margin percentage of transactions between a particular pharmacy and several nursing homes in the pharmacy's geographic region."); *Boehringer Ingelheim Pharma GMBH v. Myland Pharm.*, Civ. No. 14-4727 (NLH), 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015) (sealing two sentences in briefs and one paragraph in declaration that contained proprietary financial data including sales and revenue); *Electrolysis Prevention Sols. LLC v. Daimler Truck N. N. Am. LLC*, Civ. No. 21-171 (RJC), 2024 WL 57006, at *1 (W.D.N.C. Jan. 4, 2024) (granting motion to redact transcript of public summary judgment hearing where the proposed redactions were "quite narrow" and contained the parties' proprietary business information that had previously been sealed in the proceedings). Accordingly, after-the-fact requests to redact portions of a transcript are more likely to be granted if they are targeted, specific, and narrow.

In sum, parties and counsel are forewarned of the risks involved in failing to take specific, active steps to protect confidential information that may be divulged during a judicial proceeding. Those steps include moving to seal the courtroom if parties believe that testimony may divulge confidential information, or moving contemporaneously for temporary sealing under Local Civil Rule 5.3(g)(2). That said, there is no categorical rule for all circumstances in all cases.

Applying these principles here, the Court is satisfied that the EPPs took sufficient steps to protect the limited confidential information discussed during the November 28 pretrial hearing, and that moving to seal the courtroom for the sole purpose of restricting public access to isolated references to a non-party health plan and non-party PBM would have contravened the presumption of open public access to judicial proceedings and would have made little practical sense. The testimony at issue largely was in passing, and at a couple of points in response to the Court's own questioning. *See, e.g.*, Tr. at 86:1-25. Although the EPPs did not make a temporary application to seal during or immediately after the November 28 hearing, counsel for the EPPs represents that immediately following the hearing, she informed the court reporter of the EPPs' intent to seek redaction of confidential information discussed during the hearing, *i.e.*, the material that is the subject of the present motion. [Dkt. 1345] at 4. And the EPPs formally moved to redact the transcript just 16 days after the hearing, well before the transcript would have become publicly available via PACER. *See* [Dkt. 1332]; L. Civ. R. 5.3(g)(2). As a result of the motion and pursuant to the rule, the transcript was and remains temporarily sealed from public access pending the Court's resolution of the motion. [Dkt. 1404.]

A waiver is the intentional relinquishment of a known right or privilege. *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 504 (3d Cir. 2001). Without disturbing the principle of open public access to judicial proceedings and the presumption that testimony given during public proceedings shall remain

public, the Court concludes that the EPPs did not give up their right to move under Local Civil Rule 5.3(g) to redact narrow, targeted portions of the hearing transcript.  The Court proceeds to the merits.

2.    The References to the Identities of a Non-Party Health Plan and a Non-Party PBM Warrant Sealing.

The EPPs seek to redact from the November 28 hearing transcript four references to the identity of a specific non-party health plan; one reference to branded Lipitor prescription data associated with that health plan; and one reference to the identity of a specific non-party PBM and exclusivity rebate data associated with that PBM.  *See* [Dkt. 1332-2].  More specifically, during the hearing, the EPPs' experts referred to (i) the specific number of branded Lipitor prescriptions that the non-party health plan had obtained in a particular month, and (ii) information about the exclusivity rebate for branded Lipitor available to the particular PBM.  That information was collected by and obtained from non-party IQVIA.  It appears undisputed—and the Court finds—that but for the references to this information during the November 28 transcript, the information is non-public and proprietary.

Upon review, the Court is satisfied that the EPPs have met their burden of showing that the specific identities of the non-party heath plan and the non-party PBM merit redaction from the hearing transcript.  The prescription and rebate information associated with these non-parties is non-public and commercially sensitive.  Those non-parties have a legitimate private interest in protecting their confidential business information from competitors in the marketplace, which could

use the information to gain an unfair competitive advantage. Indeed, as the EPPs note, courts routinely recognize that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See, e.g.*, *Sanofi-Aventis U.S. LLC v. Merck Sharp & Dohme Corp.*, Civ. No. 17-5914 (SRC), 2018 WL 10152220, *2 (D.N.J. Nov. 13, 2018) ("The Third Circuit, as well as this Court, has recognized on numerous occasions that confidential and sensitive business information is the type of information that should be protected from public disclosure.") (citations omitted). The Court also finds that a clearly defined and serious injury will result to the non-party health plan and the non-party PBM if the information described above is not kept under seal by exposing these non-parties to financial and competitive risk. The Court further finds that these non-parties' private interests in maintaining the confidentiality of their own prescription and rebate data far outweigh the public's interest in knowing the data referenced in passing during the hearing. Finally, the Court finds that redacting the references to the identities of the non-party health plan and non-party PBM is the least restrictive method by which to protect them from the harms described above, while maintaining the public's interest in open judicial proceedings.

Accordingly, the Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the submissions in support of the motion, concludes that the EPPs have satisfied their burden of showing that redaction of the identities of these non-parties is warranted. The Court will grant the EPPs' motion to seal to the extent that the November 28 hearing transcript

12

reflects the identities of those non-parties.  Specifically, the following references to those entities, as more specifically identified in the Appendix U Index attached to the EPPs' motion, shall be redacted:  (i) page 86, lines 4, 6, and 13 (identity of the non-party health plan); (ii) page 109, line 14 (identity of the PBM); and (iii) page 136, line 2 (identity of the non-party health plan).  *See* [Dkt. 1332-2].

Finally, because the Court agrees that the identities of the non-party health plan and non-party PBM should be redacted from the transcript, the Court finds it unnecessary also to seal a lone number in the transcript.  That number is the number of branded Lipitor prescriptions that the non-party health plan acquired in a particular month.  Because the identity of the health plan will be redacted from the transcript, no harm will accrue to the plan or anyone else by unsealing the number alone.  Indeed, the EPPs do not seek to seal a reference to the same number of prescriptions just a few lines above in the transcript.  *Compare* Tr. at 86:2 *with* 86:5.  Accordingly, the EPPs' motion to seal is denied to the limited extent that it seeks redaction of the number referenced on page 86, line 5 of the hearing transcript.

B.    Motion to Seal Portions of Exhibits and Slides Presented During the November 28 Hearing

During the expert testimony of Laura R. Craft at the November 28 hearing, the EPPs presented, used, and referenced as demonstratives some—but not all—materials that had been included in a 200-plus page binder (containing 19 separate tabs) provided to the Court.  [Dkt. 1352-1.]  The EPPs then presented, used, and referenced a 25-slide PowerPoint presentation during the expert testimony of

Dr. Hal J. Singer.  [Dkt. 1352-2.]  Three days after the hearing, on December 1, 2023, the EPPs filed these materials, under seal via CM/ECF, along with a second set of PowerPoint slides that the EPPs used during their cross-examination of Ranbaxy's expert witness.  [Dkt. 1325.]  Those materials were accompanied by a cover letter and index.  *Id.*  On January 23, 2024, the EPPs moved to seal portions of the binder and the slides used during Ms. Craft's and Dr. Singer's testimony.  [Dkt. 1352.][3]  Ranbaxy objects to sealing of some of these materials on both procedural and substantive grounds.

>    1.    The Court Will Not Deny the EPPs' Motion on Timeliness Grounds

The EPPs filed the binder and slides with the Court under seal on December 1, 2023, three days after the November 28 hearing.  [Dkt. 1325.]

---

[3]    In a letter filed the next day, January 24, 2024, the EPPs requested (with Ranbaxy's consent) that the Court unseal the slides used during the cross-examination of Ranbaxy's expert (Dr. Hughes), and the Court granted that relief. [Dkt. 1355, 1356].  Although the content of the letter makes it clear that the EPPs sought to unseal the slides docketed at [Dkt. 1325-4], the letter mistakenly referenced [Dkt. 1325-3], which are the slides that are the subject of the EPPs' present motion to seal.  Because it is clear that EPPs intended to maintain those slides under seal pending the resolution of this motion, the Court will order the Clerk to seal the unredacted version of the slides docketed at [Dkt. 1325-3], and unseal the version of the slides docketed at [Dkt. 1325-4].  Additionally, on review of these motions, the Court discovered certain technical errors with the redacted version of the slides at issue docketed at [Dkt. 1352-2].  Accordingly, the Court ordered the Clerk to seal the slides docketed at [Dkt. 1352-2], and directed the EPPs to re-file the proposed redacted version of the slides at issue.  [Dkt. 1451.]  The EPPs have done so.  [Dkt. 1452.]  Because the EPPs' intent to maintain the slides at issue under seal has been apparent from the outset, the Court finds neither of these inadvertent disclosures of those materials to constitute a waiver.  *Cf. Sandoz, Inc. v. United Therapeutics, Corp.*, Civ. No. 19-10170 (BRM), 2020 WL 3567287, at *8 (D.N.J. June 30, 2020) (excusing disclosure of confidential information protected under a joint confidentiality order as merely technical and inadvertent).

The EPPs formally moved to seal the selected portions of these materials on January 23, 2024. Ranbaxy argues that the EPPs' motion is untimely. The Court is not so sure, and in any event will excuse any technical non-compliance with the rule.

Local Civil Rule 5.3(c)(2) provides that "[a]ny motion made under this rule shall be (a) filed within 14 days following completion of the briefing on the underlying motion of materials sought to be sealed, or within 14 days following the filing of the pleading or letter to the Court sought to be sealed, or within 14 days following ECF notice of availability of the transcript of a court proceeding sought to be sealed, or as may be ordered by the Court." The demonstrative materials from the binder and slides used during the November 28 hearing do not fit neatly into any of the categories set forth explicitly in the rule. Specifically, the demonstratives were not filed contemporaneously with or as exhibits to the EPPs' motion for class certification, and they are not pleadings, letters, or transcripts. Complicating matters, the parties submitted post-hearing proposed findings of fact and conclusions of law in connection with the motions for class certification. [Dkts. 1328, 1333.] And, as the EPPs note, Ranbaxy itself filed a redacted version of materials that it used during the hearing (apparently on consent, and without a motion) on the very same day that the EPPs filed their motion to seal. [Dkt. 1351.]

In light of all of this, it is not immediately apparent to the Court that the rule required the EPPs to file a motion to seal within 14 days of the hearing, within 14 days of the filing of the materials on the docket, or at some other time.

Moreover, it is difficult to see how the EPPs' motion should, in fairness, be rejected as untimely. In the somewhat unusual posture in which the binder and slides were used as demonstratives at the hearing and filed under seal thereafter, and without explicit direction in Local Civil Rule 5.3(c)(2) on this specific situation, the Court need not and does not resolve when the EPPs should have filed their motion. The Court has discretion to excuse technical non-compliance with the rule. *See, e.g.*, *M.D. v. Vineland City Bd. of Educ.*, Civ. 19-12154 (NLH), 2024 WL 195371, at *15 (D.N.J. Jan. 17, 2024) (granting motion to seal despite failure to include an affidavit, declaration, certification, and an index, explaining that denying the motion on this basis "would cause unnecessary delay and uncertainty when the merits of the motion are apparent to the Court"); *Molz v. Fed. Aviation Admin.*, Civ. No. 21-20039 (NLH), 2023 WL 2238108, at *8-9 (D.N.J. Feb. 27, 2023) (granting motion to seal despite failure to include an index). To the extent that there was non-compliance here, the Court finds good reason to excuse it.[4] The Court will not deny the motion to seal on timeliness grounds.

---

[4]    Generally, courts have noted that their willingness to relax timing rules is limited to situations where the delay is minimal and no prejudice will result. *See, e.g.*, *Jackson Hewitt Inc. v. Zaidi*, Civ. No. 22-2351 (JMV), 2023 WL 1475052, at *1 n.2 (D.N.J. Jan. 31, 2023) (considering an untimely opposition brief filed five days late "to ensure [the Court] has a full record"); *Salaam v. Small*, Civ. No. 21-12191 (CPO), 2022 WL 577959, at *3 (D.N.J. Feb. 25, 2022) (reminding parties of the need to comply with filing deadlines in Federal and Local Rules but accepting the late filings "because the Court finds that there is no prejudice to either party in doing so as both delays were less than ten days and the Motion is fully briefed.").

2.     The EPPs Did Not Waive Their Right to Seek Limited
       Redactions to the Binder Materials and the PowerPoint Slides

Ranbaxy objects to sealing the demonstrative materials in the binder and the slides to the extent that they were shown in open court during the November 28 hearing.  Many of the proposed redactions in the demonstratives track the information that the Court above has found warrants sealing from the hearing transcript.  For the reasons articulated above, the context of the November 28 pretrial hearing and the manner in which the demonstrative materials were presented—which were not moved or received formally into evidence—does not categorically preclude the EPPs from requesting targeted redactions to those materials.

3.     The EPPs Have Satisfied Their Burden With Respect to the
       Binder and Some of the Slides, But Have Not Satisfied
       Their Burden With Other Portions of the Slides

Having reviewed the materials submitted in connection with the motion, the Court concludes that the EPPs have met their burden to show that the information set forth in the binder and some of the slides warrants sealing.  That information falls largely into two categories:  (i) confidential business information obtained from non-party IQVIA that relates, in turn, to private, confidential business information of non-party health plans, non-party PBMs, and certain named plaintiffs; and (ii) personal identification information ("PII") of certain named plaintiffs, including, among other things, their physical location and payment information for the

17

prescription drugs at issue. All of this information, the Court finds, is confidential information that warrants confidential treatment.

With respect to the latter category of information, Ranbaxy does not object to its redaction. The Court agrees that redaction of identification information of named class members is warranted.

With respect to the first category of information as it relates to the binder materials, the Court has explained above how prescription and rebate information associated with particular non-parties is non-public and commercially sensitive. Those non-parties have a legitimate private interest in protecting their confidential business information from competitors in the marketplace, which could use the information to gain an unfair competitive advantage. The Court again finds that a clearly defined and serious injury will result to the non-party health plans and non-party PBMs if the information in the binder—as set forth in the EPPs' Appendix U index—is not kept under seal by exposing these non-parties to financial and competitive risk. The Court further finds that these non-parties' private interests in maintaining the confidentiality of their prescription and rebate data far outweigh the public's interest in knowing the data referenced in passing during the hearing. Finally, the Court finds that references to the identities of the non-party health plans and non-party PBMs is the least restrictive method by which to protect them from the harms described above, while maintaining the public's interest in open judicial proceedings.

Likewise, the Court makes the same findings for some of the information in the slides used during Dr. Singer's testimony.  To the extent that prescription and rebate data associated with specific non-party health plans and non-party PBMs, the Court finds it appropriate to permit redaction of those non-parties from the slides.  Specifically, the Court concludes that the following information in the following slides may be sealed from public access:

- **Slide 5** – Data in the "Plan" column only.  *See infra.*

- **Slides 6, 7, and 8** – Source citation at the bottom of the slides only.  *See infra.*

- **Slide 14** – The proposed redaction in this slide is acceptable.

- **Slide 17** – The PBMs listed in the first column only.  *See infra.*

The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the submissions in support of the motion, concludes that the EPPs have satisfied their burden of showing that redaction of specified, targeted references in the binder and slides is warranted. The Court will grant the EPPs' motion to redact the binder and slides as directed herein.

On the other hand, the Court finds that the EPPs have not met their burden of showing that other portions of the slides warrant sealing.  A significant number of the slides appears to relate to Dr. Singer's aggregate economic analyses that do not directly implicate or correspond to any particular non-party health plan, non-party PBM, or named class member.  The EPPs do not explain how or why significant harm will result to these parties and non-parties, or anyone else, if

19

disclosure of aggregate data analysis is ordered.  Likewise—and similar to the Court's treatment of the hearing transcript above—once the identities of non-party health plans and PBMs have been redacted, the EPPs do not sufficiently explain why disclosure of bare data—unlinked from the health plan or PBM to which it belongs—will cause undue harm.  The EPPs bear the burden to establish that each item they seek to seal meets the requirements of Local Civil Rule 5.3(c); for certain information in certain slides, the EPPs have not done so here.  In short, the motion to seal the slides is overbroad and not the least restrictive means to protect non-parties' confidential information.  *See Houston v. Houston*, Civ. No. 08-5530 (ES), 2010 WL 2522689, at *2 (D.N.J. June 14, 2010) (denying a motion to seal where defendant failed to explain why "privacy needs could not be equally well served by sealing more narrowly tailored portions of the transcript and motion papers.")

The bullets below identify the slides (and portions of slides) for which the Court is not presently satisfied that sealing is warranted:

- **Slide 5** – Although the identity of the non-party health plan set forth in the "Plan" column may be redacted, the EPPs fail to explain why the information in all other columns warrants redaction.

- **Slides 6, 7, and 8** – The EPPs fail to explain why redaction of the "Source" citations at the bottom of the slides is insufficient. Those citations may be redacted, but the EPPs have not met their burden of showing why the charts in the slides warrant redaction.

- **Slides 10, 11, 13, 15, and 16** – The EPPs have not sufficiently explained why the aggregate analyses on these slides warrant redaction.

- **Slides 17** – The EPPs have not established that redacting the entire table is the least restrictive means of protecting non-parties' confidential information. Consistent with the Court's discussion above, the identities of the PBMs may be redacted, but the EPPs have not met their burden of showing that the data in the remainder of the table warrants sealing.

- **Slides 18 through 25** – The EPPs have not sufficiently explained why the aggregate analyses on these slides warrant redaction.

Accordingly, the EPPs' motion to seal the slides will be denied in part without prejudice. The Court will give the EPPs an opportunity, if they wish, to submit a supplemental motion—with sufficient supporting materials and explanation—to redact these additional portions of the slides.[5] If the EPPs elect not to file such a supplemental motion, they will be directed instead to file on the public docket a revised redacted version of the slides consistent with this Order.

---

[5]    As described above, the EPPs obtained large quantities of non-party data from IQVIA, which also is a non-party. To the extent that the EPPs seek to redact any bare data—unlinked from non-party health plans and PBMs—simply because the EPPs have a contractual obligation with IQVIA to maintain the confidentiality of data obtained from IQVIA, the EPPs will have a substantial burden to explain why IQVIA itself will suffer concrete harm from the disclosure of bare data belonging to other entities. The law is clear that a contractual confidentiality obligation alone is insufficient to warrant sealing under the rule. *See, e.g.*, *Nat'l Distrib. Ctrs., LLC v. BaronHR West, Inc.*, 2023 WL 2159154 at *3 (D.N.J. Feb. 22, 2023) ("Even assuming disclosure would jeopardize the enforceability of the parties' unconsummated agreement, more is necessary to seal court records. Mere deprivation of the right to enforce a contractual obligation is not, without an additional showing of serious harm, sufficient to override the public's right of access to the courts."). At present, the EPPs have not established that disclosure of this data will cause a direct and clearly defined harm to IQVIA.

## IV.    CONCLUSION

Good cause having been shown and for the reasons set forth above, the EPPs' motions to seal are GRANTED IN PART and DENIED IN PART, as follows:

1.    The motion to seal filed at [Dkt. 1332] is GRANTED to the extent that it seeks to redact references in the November 28, 2023 hearing transcript to the non-party health plan and non-party PBM at page 86, lines 4, 6, and 13; page 109, line 14; and page 136, line 2.

2.    The motion is DENIED to the extent that it seeks to redact page 86, line 5 of the transcript.

3.    No later than August 9, 2024, the EPPs shall, pursuant to Local Civil Rule 5.3(g)(2), provide to the court reporter a Statement of Redaction and Sealing, along with a copy of this Order, and the court reporter shall thereafter submit to the Clerk for filing a redacted version of the transcript consistent with this Order.

4.    The unredacted version of the November 28 hearing transcript [Dkt. 1403] shall remain SEALED pending further order of the Court.

5.    The motion to seal filed at [Dkt. 1352] is GRANTED to the extent that it seeks to redact limited portions of the binder used during the November 28 hearing.  Because the Court accepts the EPPs' proposed redactions to the binder in their entirety, *see* [Dkt. 1352-1 (public version)], no further action is needed with respect to the binder.

6.    The motion to seal filed at [Dkt. 1352] also is GRANTED to the extent that it seeks to redact the portions of PowerPoint slides 5, 6, 7, 8, 14, and 17 presented during the November 28 hearing, as described above.

7.    The motion is DENIED, without prejudice, to the extent that it seeks to redact the following PowerPoint slides presented during the November 28 hearing:

- **Slide 5** – All content in this slide, except for the content in the "Plan" column, must be unredacted.

- **Slides 6, 7, and 8** – All content in these slides, except for the "Source" citations at the bottom of the slides, must be unredacted.

- **Slides 10, 11, 13, 15, 16, and 18 through 25** – These slides must be unredacted in their entirety.

- **Slide 17** – The identities of the PBMs in the first column of the table may be redacted, but the remainder of the content of the slide must be unredacted.

8.    No later than August 21, 2024, the EPPs shall either (i) publicly file a revised redacted version of the slides consistent with this Order, or (ii) file a supplemental motion explaining, with appropriate support and explanation, why the additional slides referenced in paragraph 7, above, warrant further redaction.

9.    The Clerk is directed to SEAL the document filed at [Dkt. 1325-3] and UNSEAL the document filed at [Dkt. 1325-4.]

10.   The Clerk is directed to terminate the motions at [Dkt. 1332] and [Dkt. 1352].

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE