UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LIPITOR ANTITRUST LITIGATION | MDL No. 2332 |
| This Document Relates To: | Case No. 3:12-cv-2389-ZNQ-JBD |
| All End-Payor Class Actions | |

**ORDER AND JUDGMENT GRANTING FINAL
APPROVAL OF CLASS-ACTION SETTLEMENT**

WHEREAS, the Court, having reviewed and carefully considered all filed submissions relating to End-Payor Plaintiffs'[1] proposed Class Settlement of this Action as to Defendant Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, and Warner-Lambert Company LLC (collectively, "Pfizer" and, together with End-Payor Plaintiffs, the "Parties") as well as the arguments presented by counsel during the fairness hearing conducted on October 1, 2024 ;

WHEREAS, on June 3, 2024, the Court issued an Order Granting Preliminary Approval of the Class-Action Settlement, which granted preliminary approval of the Class Settlement dated April 29, 2024, provisionally certified, for settlement purposes only, the proposed Settlement Classes pursuant to Fed. R. Civ. P. 23(a)

---

[1] A. F. of L. – A.G.C. Building Trades Welfare Plan, Mayor and City Council of Baltimore, New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, Bakers Local 433 Health Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Emilie Heinle, Andrew Livezey, and Nancy Billington.

and 23(b)(3), preliminarily appointed the Settlement Class Representatives, Class Counsel, and the Settlement Claims Administrator, approved the form and content of the Class Notice and Claim Forms, and approved and directed the dissemination of the Class Notices and Claim Forms pursuant to the Parties' Proposed Notice Plan ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process, ECF No. 1412; and

WHEREAS, on October 1, 2024, this Court held a hearing on the Motion for Final Approval of End-Payor Class Plaintiffs' Class-Action Settlement and Related Relief (the "Final Approval Motion"), and having carefully considered all the submissions, arguments, and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines, and orders as follows:

1. This Order and Judgment hereby incorporates by reference the definitions in the April 29, 2024 Settlement Agreement among End-Payor Plaintiffs and Pfizer, ECF No. 1398-3, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth therein.

2. The Court hereby certifies, for Settlement purposes only, the proposed Settlement Classes set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 1412). Specifically, the Court certifies for

Settlement purposes only the following two classes of End Payors under the antitrust and consumer protection laws of the Class States[2]:

### The "Third-Party Payor ('TPP') Class":

All entities that, for consumption by their members, employees, insureds, participants, or beneficiaries, purchased, paid, and/or provided reimbursement for some or all of the purchase price of branded Lipitor or generic atorvastatin calcium, in the Class States, other than for resale, at any time during the period from June 28, 2011 through and until December 31, 2012.

### The "Consumer Class":

For the Total Generic Exclusion Period of June 28, 2011 through November 29, 2011: All individuals who purchased, paid, and/or provided reimbursement for some or all of the purchase price of branded Lipitor, in the Class States, without the use of a Pfizer co-pay card.

For the Generic Overcharge Period of November 30, 2011 through December 31, 2012: All individuals who purchased, paid, and/or provided reimbursement for some or all of the purchase price of generic atorvastatin calcium, in the Class States.

The following entities are excluded from the TPP Class: (a) Pfizer, Ranbaxy,[3] and their subsidiaries and affiliates; (b) Federal and state governmental entities; (c) Medicare Part D Plans; and (d) Medicaid Plans. The following individuals are

---

[2] Arizona, California, Washington, D.C., Florida, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, West Virginia, and Wisconsin.

[3] Ranbaxy, as used herein, refers to Defendants Ranbaxy Inc., Ranbaxy Laboratories Limited, and Ranbaxy Pharmaceuticals, Inc.

3

excluded from the Consumer Class: (a) judges assigned to this case and their chambers' staff and any members of the judges' or chambers' staff's immediate family; (b) Pfizer's and Ranbaxy's officers, directors, and employees; (c) individuals who purchased only through a Medicare Part D or Medicaid Plan; (d) individuals who purchased only branded Lipitor after November 30, 2011 and did not purchase generic atorvastatin calcium; and (e) any "flat copay" consumers who purchased Lipitor only via a fixed dollar copayment that did not vary on the basis of the drug's status as brand or generic.

3. The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Classes under Fed. R. Civ. P. 23(a) and 23(b)(3) are fully satisfied, namely: the Settlement Classes are so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Classes; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Classes; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Classes; questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The Court further determines that the

Classes are ascertainable under the standards established by the Third Circuit. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this Action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. The Court previously preliminarily appointed Settlement Class Representatives. The Court also previously appointed Wexler Boley & Elgersma LLP, Cohen Milstein Sellers & Toll PLLC, Motley Rice LLC, and Grant & Eisenhofer P.A. as Co-Lead Counsel for the Settlement Classes ("Co-Lead Counsel"). The Class Representatives and Co-Lead Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Classes and have satisfied the requirements of Fed. R. Civ. P. 23(g). The Court thus hereby grants final approval and appointment of Settlement Class Representatives and Co-Lead Counsel.

5. The Court has jurisdiction over this Action, each of the Parties, and all Class Members for all manifestations of this case, including this Settlement.

6. The notices of Settlement (substantially in the forms presented to this Court in the Notice Plan contained in Exhibit D to the Declaration of Kenneth A. Wexler in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of End-Payor Class Plaintiffs' Settlement and Other Relief, ECF No. 1398-6) (the "Notice") that was directed to Class Members constituted the best notice

practicable under the circumstances and was timely and properly disseminated and effectuated. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class Members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, the rights of Class Members to object to the Settlement, and the rights of Class Members to opt out of the Settlement, and satisfied all requirements of Rule 23 and due process.

7. The Court finds that, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendant Pfizer properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where class members reside. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

8. The Court finds that Koniag, Inc. ("Koniag") served a timely request for exclusion that did not conform to the requirements for exclusion. **Its request is DENIED for that reason.** Two consumer class members (Anita Cox and Sandra Hellgren) served untimely requests for exclusion. **The Court is satisfied that this was excusable neglect and therefore excludes Anita Cox and Sandra Hellgren from the Classes.**

9. The Court has considered the objection to the Settlement, ECF No. 1461, and rejects it, finding that the objectors lack standing and that the objection is without merit.

6

10.   Due and adequate notice of the proceedings having been given to Class Members and a full opportunity to participate in the October 1, 2024 Fairness Hearing having been offered to the Class Members, it is hereby determined that all Class Members—except for those entities and/or individuals excluded above—are bound by this Order and Judgment and by all terms and conditions of the Settlement Agreement, including but not limited to the Release and Covenant Not to Sue contained therein. End-Payor Plaintiffs and each and every Settlement Class Member—except for those excluded above—shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely, and forever released and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement,

11.   The Settlement of this Action was not the product of collusion between the End-Payor Plaintiffs and Pfizer or their respective counsel but rather was the result of extensive arm's-length negotiations conducted in good faith between Co-Lead Counsel and counsel for Pfizer, with the assistance of two mediators, the Honorable Faith Hochberg (Ret.) and then-Magistrate Judge Douglas J. Arpert, now retired.

12.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, finding that the Settlement is in all respects fair, reasonable, and adequate to Class Members and in their best interests. The

Settlement satisfies all requirements of Rule 23 and applicable law and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

13. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Co-Lead Counsel (the "Plan of Allocation"), which was summarized in End-Payor Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval and filed on the docket at ECF No. 1398-17, and directs Epiq Class Action and Claims Solutions, Inc.—the firm previously appointed by the Court as the Claims Administrator—to distribute the Net Settlement Fund as provided in the Plan of Allocation.

14. All claims brought by End-Payor Plaintiffs against Pfizer in *In re Lipitor Antitrust Litigation*, No. 3:12-cv-2389-ZNQ-JBD (D.N.J.), are hereby dismissed with prejudice and without costs as to Pfizer or End-Payor Plaintiffs (other than as provided herein).

15. Co-Lead Counsel have moved **(ECF No. 1466)** for an award of attorneys' fees, reimbursement of costs and expenses, and service awards for the Class Representatives. Co-Lead Counsel request an award of attorneys' fees in the amount of $11,666,666 (representing 33⅓% of the Settlement Fund before expenses), reimbursement of the reasonable costs and expenses incurred in the prosecution of this Action in the amount of $2,202,611.05, together with a

proportionate share of the interest thereon, and service awards of $15,000 to each Class Representative. Such motion has been on the docket and otherwise publicly available since August 27, 2024.

16. Upon consideration of Co-Lead Counsel's petition for fees, costs, and expenses, Class Counsel hereby are awarded attorneys' fees totaling **$11,666,666.00** (representing **33 1/3 %** of the Settlement Fund before expenses) and costs and expenses totaling **$2,353,757.82**, together with a proportionate share of the interest thereon from the date the funds were deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs, and expenses, at the rate earned by the Settlement Fund. Such fees, costs, expenses, and interest are to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with Paragraph 6 of the Settlement Agreement.

17. Upon consideration of Co-Lead Counsel's petition for service awards for Class Representatives, each Class Representative hereby is awarded **$15,000.00**, to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with Paragraph 6 of the Settlement Agreement.

18. Co-Lead Counsel shall have sole discretion to allocate and distributesuch attorneys' fees, costs, and expenses among the various other Class Counsel that have participated in this litigation. The Released Parties, as that term is defined

9

in the Settlement Agreement, shall have no responsibility for, and no liability whatsoever with respect to, any allocation of attorneys' fees, expenses, costs, or service awards among Class Counsel and/or Class Representatives, nor with respect to any allocation of attorneys' fees, expenses, costs, or service awards to any other person or entity who may assert any claim thereto.

19. Co-Lead Counsel are authorized to pay or distribute costs and expenses and distribute service awards authorized and approved by this Final Judgment and Order upon entry of this Order. Co-Lead Counsel is authorized to pay attorneys' fees upon entry of this Order. The attorneys' fees, costs, expenses, and service awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that End-Payor Plaintiffs and any Class Member, and their respective counsel, may have or assert for reimbursement of fees, costs, expenses, and service awards, and End-Payor Plaintiffs and Class Members shall not seek or demand payment of any fees, costs, expenses, and/or service awards from Pfizer other than from the Settlement Fund.

20. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

21. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreement (including the Class Members) and is final and shall be immediately appealable.

22. The Clerk's Office is hereby instructed to note that the Motions at ECF Nos. 1465 and 1466 are **GRANTED** and to mark this matter **CLOSED**.

SO ORDERED this 1st day of October 2024.

Honorable Zahid N. Quraishi
United States District Judge